(No. 14493.—Cause transferred.)
HARRY R. CUNNINGHAM, Appellant, *vs.* FRANK H. CUN-
NINGHAM *et al.* Appellees.

*Opinion filed April 19, 1922.*

1. PARTNERSHIPS—*what constitutes the interest of a partner.*
In equity the interest of each partner in the partnership property,
including lands, is the balance found due to him after the payment
of all partnership debts and the adjustment of the partnership ac-
count between himself and the co-partners.

2. FREEHOLD—*when a freehold is involved.* A freehold is in-
volved where the necessary result of the judgment or decree is that
one party gains and the other loses a freehold estate, and also
where the title to a freehold is so put in issue by the pleadings
that the decision of the case necessarily involves a decision of
such issue even though the judgment or decree does not result in
one party gaining and the other losing the estate, but a freehold
is not involved where it is only incidentally or collaterally in ques-
tion and a decision as to the right to relief or the ground of de-
fense is not based upon it.

3. SAME—*when suit by a devisee to compel contribution from
other devisees does not involve a freehold.* Where all the interest
which a devisee was given in partnership property is sold and ap-
plied to the payment of the partnership debts, so that he does not
realize anything from his specific devise, a suit by him to compel
other devisees to contribute ratably to the payment of the debts
of the testator, including his partnership obligations, does not in-
volve a freehold, as the suit is merely to recover the value of the
property sold.

APPEAL from the Circuit Court of Vermilion county;
the Hon. WALTER BREWER, Judge, presiding.

GEORGE T. BUCKINGHAM, RALPH B. HOLMES, and
CHARLES TROUP, for appellant.

ROBERT R. RODMAN, for appellee Frank H. Cunningham.

C. E. RUSSELL, for appellee Bert M. Cunningham.

Mr. JUSTICE DUNN delivered the opinion of the court:

A bill was filed in the circuit court of Vermilion county by Harry R. Cunningham, one of the beneficiaries under the will of his father, James A. Cunningham, against his two brothers, Frank H. and Bert M. Cunningham, also beneficiaries under the will, charging that his devise and bequest had been sold and the entire proceeds exhausted in paying the debts of the testator, and that the devises to the defendants had not borne their proportionate share of the debts of the estate and had not contributed ratably with the property devised to the complainant, and praying. that the defendants be compelled to contribute their ratable proportions of the excess above his proportionate share which the complainant had been compelled to bear, and that the lands devised to them be decreed subject to a lien for the amounts so respectively found due from them. A demurrer was sustained to the bill, it was dismissed for want of equity, and the complainant appealed.

The bill set forth the testator's will, by which he made various bequests of personal property and devises of real estate in Illinois and Indiana, among others, 416 acres of farm land in Vermilion county, Illinois, to his son Frank and 386 acres of land in Vermilion county, Illinois, to his son Bert. To the complainant he devised a life estate in 320 acres of land in Pulaski county, Indiana, an undivided one-fourth interest in certain lots in the original town of Leeds, now part of the city of Hoopeston, Illinois, and an undivided one-fourth interest in the personal property used in operating the Illinois Canning Factory, consisting of horses, mules, machinery, etc., not including money in use or canned goods. To Anna S. Brown, his daughter, who afterwards married and was known as Anna S. Brownfield, he devised certain real estate, together with a one-fourth interest in the same Hoopeston lots and in the same personal property used in operating the Illinois Can-

ning Factory, in which one-fourth was also given to the
complainant. It was then alleged that the testator had sold
and conveyed in his lifetime the 320 acres of land in Pu-
laski county, Indiana, devised to the complainant for life,
and at the time of his death was the owner of an undivided
one-half interest in the personal property used by the co-
partnership of Moore & Cunningham, operating as the Illi-
nois Canning Factory; that the Hoopeston lots were owned
in equal shares by the testator and William Moore as ten-
ants in common, and were used in a co-partnership business
then and theretofore operated by Moore & Cunningham un-
der the name of the Illinois Canning Factory, and the co-
partnership also owned and used certain personal property
in the operation of the Illinois Canning Factory, consist-
ing of horses, mules, machinery, etc., which was the same
property one-fourth interest in which was devised to the
complainant, and that the real estate, together with all the
personal property used in operating the Illinois Canning
Factory, was sold by William Moore, the surviving part-
ner, and the entire proceeds used in the payment of debts
of the partnership. The bill averred that the testator left
surviving him his widow and the complainant and defend-
ants, his sons, and his daughter, Anna S. Brown, who is
now Anna S. Brownfield, his heirs; that the will was ad-
mitted to probate, and the widow renounced its provisions;
that all the estate, both real and personal, which belonged
to the testator at the time of his death, except the real es-
tate mentioned as devised to the defendants and a certain
lot devised to Anna S. Brownfield, had been sold by the
administrator with the will annexed of the estate, and the
proceeds thereof, except the value of the widow's dower,
which she elected to take in money, had been used in pay-
ment of debts of the estate; that the widow had caused
her dower to be assigned in the land devised to the defend-
ants, and the fair cash market value of the real estate de-
vised to Frank at the time of the death of the testator, ex-

clusive of the value of the dower assigned to his mother, was $109,000, and the fair cash market value of the premises devised to Bert at the time of the death of the testator, exclusive of the value of the dower assigned to his mother, was $102,000, and that their value at the present time is at least as much as at the time of their father's death. It is alleged that one-fourth interest in the lots in Hoopeston, together with one-fourth interest in the personal property of the Illinois Canning Factory, at the time of the death of the testator was of the fair cash market value of $33,000. It was then averred that in certain proceedings in the circuit court of Vermilion county instituted by the administrator with the will annexed of the estate of James A. Cunningham, a decree was entered finding that all real and personal estate belonging to the estate of the testator, except that devised to the defendants and lot 54 in the city of Hoopeston devised to Anna S. Brown, had been sold and the proceeds used in payment of the debts of the estate, and that debts to the amount of $120,000 were still owing; that there were no assets of the estate or real or personal property which could be sold to pay the debts except the lands devised to the defendants and such an amount as Anna S. Brown should be required to contribute by reason of having sold lot 54 and having received and retained the proceeds thereof, and the decree so rendered apportioned the deficit of $120,000 as follows: 13/253ds to Anna S. Brown, 124/253ds to Frank H. Cunningham and 116/253ds to Bert M. Cunningham, and a lien was declared upon the real estate of Frank and Bert for their proportionate shares of the deficit. It was then averred that the entire devise and bequest to the complainant had been sold and the proceeds used in paying the debts of the testator; that the devises to the defendants had not borne their proportionate share of the debts of the estate and had not contributed ratably with the property devised to the complainant, and by reason thereof the complainant had

a right of contribution against them; that the complainant's *pro rata* share of the money necessary to be raised by abatement of specific devises and bequests for payment of the debts of the estate was $6000; that he had, in fact, contributed the total amount of the value of his devise and bequest to the payment of debts of the estate, to-wit, $33,-000, and by reason thereof was entitled to contribution from the defendants for their proportion of the excess so borne by the complainant; that Frank's ratable share of such excess was $13,000 and Bert's ratable share was $12,000, and that said amounts should be made liens upon their interests in the lands devised to them, subject to the lien of the decree obtained by the administrator, and the bill prayed for a decree for contribution and for such other relief as equity might require.

The only ground upon which it is suggested this court has jurisdiction of the appeal is that a freehold is involved; that by the will of James A. Cunningham he made a specific devise of the interest in the lots in Hoopeston used in the business of the Illinois Canning Factory; that the interest so devised was a freehold, and that this freehold is in issue, so that a decision in regard to it is necessary to the decision of the case. In equity the interest of each partner in the partnership stock, including its lands, is the balance found due to him after the payment of all partnership debts and the adjustment of the partnership account between himself and the co-partners. (*Trowbridge v. Cross,* 117 Ill. 109; *Galbraith v. Tracy,* 153 id. 54; *VanHousen v. Copeland,* 180 id. 74.) A freehold is involved in all cases where the necessary result of the judgment or decree is that one party gains and the other party loses a freehold estate, and also where the title to a freehold is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue, although the judgment or decree does not result in one party gaining and the other losing the estate; (*Sanford v. Kane,* 127 Ill. 591;)

but a freehold is not involved where it is only incidentally or collaterally in question and a decision as to the right to relief or the ground of defense is not based upon it. (*Mayor of Roodhouse* v. *Briggs,* 194 Ill. 435; *Bartley* v. *Peoria Park District,* 251 id. 373.) The plaintiff's right to contribution does not depend upon the question whether by the will he was given personal property or a freehold estate in real property. His claim for contribution is based upon the fact that a specific devise or bequest was made to him; that he lost the benefit of it by reason of the fact that the whole of it was taken to pay the debts of the testator, while other devises or bequests of the same character and equally liable for the testator's debts were not taken and did not contribute ratably. The interest of the individual members of the partnership proved to be of no value, because the whole of its property, real and personal, was required to pay the debts. It is not claimed that the property was not rightfully sold and applied on the partnership debts. If the appellant has the right in equity to be reimbursed by the other devisees and legatees ratably for the value of the specific property of the partnership given to him by the will of the individual partner but applied to the payment of the partnership debts, that right is not affected by the character of the specific property as real estate or personal property. The property has been sold and cannot be recovered, and the only question is whether its value can be recovered.

The appeal should have been taken to the Appellate Court, and the cause will be transferred to the Appellate Court for the Third District.          *Cause transferred.*