(No. 26899.—

HARRY SWIRSKY, Appellee, *vs.* ROSE HORWICH *et al.*— (ROSE HORWICH, Appellant.)

*Opinion filed March 16, 1943.*

I. ARCHER LEVIN, for appellant.

SPITZ & ADCOCK, (EDWARD BLACKMAN, of counsel,) for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

Harry Swirsky and Irwin Horwich were equal partners in an auto-repair business which they acquired in 1938. Horwich died in 1940. Each of the partners carried life

insurance to the extent of approximately $17,000 payable to designated beneficiaries. After the death of Horwich the surviving partner Swirsky filed a complaint in the circuit court of Cook county for specific performance of an oral contract claimed to have been entered into between the partners, to the effect that in case of the death of one of the partners the surviving wife or beneficiaries of the deceased one should have the benefit of the insurance, but all of the partnership assets would belong to and become the property of the surviving partner; and prayed that this contract be specifically performed by requiring the appellant to convey and assign her interest in the partnership property to Swirsky; and also to require the beneficiary under the Horwich policy to accept the insurance in full satisfaction of every demand which the heirs or representatives of Horwich would have against the partnership.

Among the assets of the partnership was a lot purchased upon a contract for the sum of $2500, title to which still remained in the vendor. The court entered a decree of specific performance, as prayed by the plaintiff, the decree also providing the debts of the partnership should be paid by the plaintiff.

Appellant appeals directly to this court because it is claimed a freehold is involved in that all of the partnership assets, including the equity in the real estate, is ordered to be transferred to plaintiff.

Section 26 of the Uniform Partnership Act provides: "A partner's interest in the partnership is his share of the profits and surplus, and the same is personal property." (Ill. Rev. Stat. 1941, chap. 106½, par. 26.) In *Cunningham* v. *Cunningham*, 303 Ill. 41, we held the interest of each partner in the partnership property, including lands, is the balance found to be due to him, after the payment of all partnership debts, and the adjustment of the partnership accounts between himself and copartners, and that therefore a suit for contribution, brought because all of the interest which a devisee had under a will in partner-

ship real estate was sold and applied to the payment of partnership debts did not involve a freehold.

In the case of *Lueth* v. *Goodknecht*, 345 Ill. 197, it is said that a partnership estate is *sui generis*. "While partnership property has many characteristics of an estate in common and of joint tenancy, yet the interests of the partners in the firm property is neither that of joint tenants nor of tenants in common. Each is possessed of a joint interest in the whole but does not own any separate part of partnership property. Each has an undivided interest in the property of the partnership only after the debts are paid."

In the present case the evidence discloses the partners acquired the property in 1938, and that it was not fully paid for at the time of the death of Horwich. Appellant is claiming an interest in the partnership property, and appellee claims she has no interest because of the contract sought to be specifically enforced. If appellant should prevail in this suit she would have no interest in the lot belonging to the partnership, but would have only an interest in the surplus of the partnership property after all the debts had been paid. On the other hand if the appellee should prevail, the interest acquired by him in the partnership property would be that which is left after the debts of the partnership are discharged, and it may be that the sale of the lot, claimed to give this court jurisdiction, will be necessary to pay such debts. It is manifest appellant has no interest in a freehold, which gives this court jurisdiction.

The principles underlying a partnership estate, as well as the specific provision of the statute, make the interest of each partner in a partnership estate personal property, and the fact the partnership may be the owner of real estate does not give the partners such an interest in a freehold as is necessary for this court to have jurisdiction. The contention there was a contract by which appellant,

upon the acceptance of the insurance money, would be barred of all interest in the partnership-estate property does not change the situation, as the insurance must necessarily be considered under the contract as a portion appellant would receive out of the partnership estate, thereby merely enhancing the gross value of the property. The obligation of the surviving partner to discharge the partnership debts, and for this purpose possibly use the real estate, still remains. The balance sheet of the partnership estate shows unpaid liabilities in the amount of $9857.23, for the payment of which it may be necessary to liquidate partnership assets.

The authorities cited by appellant purporting to give this court jurisdiction do not sustain her contention. The cases of *Galbraith* v. *Tracy,* 153 Ill. 54, and *Strong* v. *Lord,* 107 id. 25, pass upon the interests of a copartner in real estate, where all of the debts of the partnership are paid, as the law existed before the enactment of the Uniform Partnership Act of 1917. The case of *Wharf* v. *Wharf,* 306 Ill. 79, specifically holds the real estate, which becomes personal property for the purpose of the partnership, remains personal property for the purpose of distribution, but in that case we held the statute did not apply because the title to the property was taken in the individual names of the partners and not in the copartnership name. The other cases are not in point because the parties had a direct interest in the real estate, and not a collateral or incidental interest, such as results from the right of a copartner to share in the surplus of partnership assets, part of which may be real estate.

Since the real estate purchased by the partnership is, by statute and decision of this court, deemed personal property as to the individual partners, a freehold is not involved, and in consequence thereof the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*