HAVERLY *v.* HAVERLY.

1. Venue—Transitory Actions.
   The venue of actions and suits is determined by statute and if the subject matter is not local, a suit in chancery shall be commenced in the circuit court of the county where one of the parties in interest resides (CL 1948, § 610.1).

2. Same—Transitory Actions—Accounting.
   A suit for dissolution of a partnership and for an accounting, without praying for the appointment of a receiver, is not a local action but is transitory and may be maintained in the jurisdiction where plaintiff resides (CL 1948, § 610.1).

Appeal from Genesee; Gadola (Paul V.), J. Submitted October 4, 1949. (Docket No. 14, Calendar No. 44,149.) Decided December 7, 1949.

Bill by Jack W. Haverly, Jr., against John P. Haverly and others to dissolve partnership and for an accounting. Motion of defendant Haverly to dismiss for lack of jurisdiction denied. Defendant re-

References for Points in Headnotes
[1, 2] 56 Am Jur, Venue, §§ 3, 4, 21, 27.

views by appeal in nature of mandamus.   Affirmed and cause remanded.

*Devine & David,* for plaintiff.

*Shepherd, Berry & Berry,* for defendants.

BUSHNELL, J.   Plaintiff Jack W. Haverly, Jr., a resident of Genesee county, filed a bill there against his father, John P. Haverly, of Cheboygan county, and others.   He sought the dissolution of a claimed partnership agreement and the accounting for partnership property and money, together with injunctive relief.

Defendant Haverly appeared specially and moved to dismiss on the ground that the action, if sustained, would necessitate the appointment of a receiver in Cheboygan county where the partnership business had been conducted, and therefore the action was local in nature.   Leave to appeal was granted from the Genesee circuit court's denial of the motion to dismiss.

The venue of actions and suits is determined by statute.   Section 1 of chapter 10 of the judicature act of 1915 (CL 1948, § 610.1 [Stat Ann § 27.641]) reads in part:

"Every suit in chancery shall be commenced in the circuit court for the county in which the property in dispute is situated, if the subject matter is local, and if it is not local, in the county where 1 of the parties in interest resides."

In the body of the bill it is averred that the partnership relation, though of long standing, was "interrupted" by defendant after plaintiff returned from military service.   The allegations of the bill indicate that so far as plaintiff is concerned his participation in the conduct of the partnership business had

ceased. Plaintiff does not ask for the appointment of a receiver. The suit is confined to the question of the amounts, if any, due plaintiff.

It was held in *Godfrey* v. *White,* 43 Mich 171, that an accounting of a partnership in land may be had in the jurisdiction where the parties reside, even though partition of such land could only be enforced in the jurisdiction where the land was situated.

In *Reed* v. *Bird,* 239 Mich 32, also an action for a partnership accounting, it was determined that, although Oakland county land was incidentally involved, the court of that county lacked jurisdiction where all the parties resided in Wayne county.

Appellant relies chiefly on *Orloff* v. *Morehead Manfg. Co.,* 273 Mich 62, which was a suit brought by minority stockholders for the dissolution of a corporation, the appointment of a receiver, and for an accounting.

Under the allegations in the instant case there is nothing in the *Orloff* decision which "militates" against the application here of the rule in the *Godfrey* and *Reed Cases, supra. Seaman* v. *Ironwood Amusement Corp.,* 282 Mich 258.

The present action is personal and transitory and bears none of the indicia of a local action. Therefore, it may be maintained in the jurisdiction where plaintiff resides.

The order appealed from is affirmed and the cause is remanded for further proceedings. Costs to appellee.

Sharpe, C. J., and Boyles, Reid, North, Dethmers, Butzel, and Carr, JJ., concurred.