*In re* ESTATE OF MAE ARNOLD FORDYCE, Deceased—(FLOYD ARNOLD *et al.,* Petitioners-Appellants, *v.* FLOYD F. CLARK, individually and as Exr. *et al.,* Respondents-Appellees.

(No. 11293; 

Fourth District—January 14, 1971.

Vicars, Stodd & Fuhr, of Pontiac, (Walter L. Stodd, of counsel,) for appellants.

Fellheimer & Fellheimer, of Pontiac, (Charles E. Glennon, of counsel,) for appellees.

Mr. JUSTICE CHAMBERLAIN delivered the opinion of the court:

This appeal arises out of a will contest which was heard by the trial court without a jury. The petitioners contended the testator lacked testamentary capacity to make a will. The trial court found in favor of the respondents and the petitioners bring this appeal.

There are essentially two issues raised on this appeal. They are (1) the trial court erred in permitting the attorney who drew the decedent's will to testify as to testamentary capacity of the decedent and (2) the decision of the trial court in finding in favor of the respondents is against the manifest weight of the evidence.

Parke Daugherty was an attorney who, at the request of Mae Arnold Fordyce, decedent, prepared her last will and testament. He also served as an attesting witness to the will and testified at the will-contest hearing that she possessed proper testamentary capacity. He represented the executor at the time of the probating of the will but did not represent the executor in the will contest.

The appellants contend Parke Daugherty was incompetent to testify, and hence reversible error was committed.

Petitioners cite the "Dead Man's Act," sec. 2, ch. 51, Ill. Rev. Stat. 1967, in support of their position.

Their position is that since the attorney stood to receive a fee as attorney for the executor for probating the estate, he was an interested person as described in the preceding section.

This argument was discussed in *Stephens v. Hoffman* (1914), 263 Ill. 197, 104 N.E. 1090, wherein the court stated (at 263 Ill. 202):

"* * * The disqualifying interest must be some legal, certain and immediate interest, either in the event of the cause or in the record

as an instrument of evidence in support of his own claims in another action. It must be a present, certain and vested interest, and not an interest uncertain, remote or contingent. If the interest is of a doubtful nature it goes to the credibility of the witness and not to his competency." Citations omitted.

See also *Spencer v. Wilsey*, (1st Dist. 1947), 330 Ill.App. 439, 71 N.E.2d 804.

■■ We see no merit in the contention that Daugherty was incompetent to testify. In the case of *Britt v. Darnell*, (1925), 315 Ill. 385, 146 N.E. 510, an attorney who represented an executor in a probate proceeding was held to be a competent witness in a subsequent will contest. This principle was subsequently approved in *Auerbach v. Continental Illinois Nat'l Bank & Trust Co.* (Appeal of *Goldman*) (1st Dist. 1950), 340 Ill.App. 64, 91 N.E.2d 144.

The facts in the instant case are identical to these cases, and we find no error in permitting Daugherty to testify.

As a secondary part of this argument, which deals with the sufficiency of the evidence, petitioners contend that if Daugherty is competent to testify, his testimony should be given little weight.

■■ This rule only applies where an attorney seeks to testify on behalf of a client he is representing in the litigation at hand. (See *Jonas v. Meyers*, (1951), 410 Ill. 213, 101 N.E.2d 509.) However, it does not apply here as Daugherty was not an attorney in the will contest. See *Spencer v. Burns* (1952), 413 Ill. 240, 108 N.E.2d 413.

The final point deals with the alleged lack of testamentary capacity of the decedent.

■■ The law is well-established that they who seek to set aside a will on the grounds of lack of testamentary capacity have the burden of proving it. In fact, the law presumes that all individuals possess testamentary capacity until the contrary is proved. *Sloger v. Sloger* (1962), 26 Ill.2d 366, 186 N.E.2d 288; *Lewis v. Deamude*, (1941), 376 Ill. 219, 33 N.E.2d 440; *Quathamer v. Schoon*, (1939), 370 Ill. 606, 19 N.E.2d 750.

The testator was a 76-year-old woman who was admitted to a Streator, Illinois, hospital on October 21, 1968, where she remained until her death on October 30, 1968.

While at the hospital, she executed the will in question on the afternoon of the 23rd. The attorney was summoned by the decedent and first discussed with her the drafting of a will in the early afternoon of the 22nd. He returned the next day with the document and it was fully executed late in the afternoon of the same day.

Several witnesses were called on behalf of the petitioners as well as on behalf of the respondents.

The treating physician was called as the court's witness. His testimony indicated he had known the decedent since 1956. He described her health and mental alertness from her admission to the hospital through the date she died. On either the 22nd or 23rd, he discussed the advisability of her having a will. He was of the opinion that at the time she executed the will she was competent to do so. From the 24th on, her health deteriorated quickly until she expired on the 30th.

Daugherty, his legal secretary, a funeral director and one other witness all testified that at the time the will was executed and immediately prior thereto, in their opinion, she possessed testamentary capacity.

The petitioners presented several witnesses who testified she was in poor health. Others testified that she did not respond to them or appear to be aware of what was transpiring about her. She was observed prior, during and subsequent to the time the will was executed. They were either friends, relatives or employees of the hospital. Their evidence was very indefinite on whether she possessed proper capacity.

The fact that the decedent was aged and in feeble health does not impair the ability to properly execute a will. See *Challiner v. Smith* (1947), 396 Ill. 106, 71 N.E.2d 324.

██ We find that the decision of the trial court should be affirmed. In the case of *Sterling v. Dubin* (1955), 6 Ill.2d 64, 74 (126 N.E.2d 718, 724), the court stated:

"*   *   * Where the evidence on the issues of mental competency and undue influence in a will contest is conflicting, that on either side being sufficient, alone, to sustain a verdict for that side, the jury and the trial judge are in a better position to determine the issues than is a reviewing court, and a judgment upholding the will will not be reversed on the evidence unless the verdict is contrary to the manifest weight thereof. (Citing case.)"

██ In this case the trial court heard the case without a jury, and we believe he was in a superior position to hear the testimony of the witnesses, observe their demeanor, candor or lack of it, and all other aspects relating to their testimony.

██ Appellants also argue that the mode of distribution indicated the testator's incapacity. The fact that she may have made an unequal distribution of the estate to common heirs does not have any effect on the validity of the will. See *Quathamer v. Schoon, supra.*

Therefore, for the reason stated herein, the judgment of the trial court is affirmed.

Judgment affirmed.

SMITH, P. J., and TRAPP, J., concur.