324 So.2d 703 (1975)
In re ESTATE of Daniel A. UDELL, Deceased.
Mary Udell BACHRACH et al., Appellants,
v.
Sylvia B. ROSE, Individually and As Guardian Ad Litem of Traci Shanbrun, Deborah Shanbrun and Cathy Shanbrun, and Bank of Palm Beach & Trust Company, Executor, Appellees.
No. 74-907.
District Court of Appeal of Florida, Fourth District.
December 19, 1975.
Rehearing Denied January 30, 1976.
*704 Donald J. Sasser, of Johnston, Lilienthal & Johnston, West Palm Beach and Morris M. Schnitzer, Newark, N.J., for appellants.
James E. Weber, of Burns & Weber, West Palm Beach, for appellees, Sylvia B. Rose, individually and as guardian ad litem of Traci Shanbrun, Deborah Shanbrun, and Cathy Shanbrun.
Douglas C. Zahm, of Warwick, Paul & Campbell, Palm Beach, for appellee, Bank of Palm Beach & Trust Co., executor.
DOWNEY, Judge.
We have reviewed the briefs of counsel, the appendices, and the entire record and fail to find any adequate demonstration of reversible error. The major points raised by appellants are based upon a sharp dispute of fact and our search of the record reveals competent substantial evidence to support the findings of the trial judge.
The only point warranting discussion concerns the propriety of permitting counsel for the executor in the administration of the estate to testify over the objection that § 90.05, F.S., commonly known as the dead man's statute, barred counsel from testifying. Parenthetically we note that counsel for the executor in the administration of the estate does not represent the executor in this litigation.
Elwyn Middleton, Esquire, had represented the decedent for many years during his lifetime. Middleton either drafted or participated in the draftsmanship of all of the pertinent documents involved herein. The executor named in the codicil, which is the focal point of this appeal, employed Middleton's firm to handle the legal aspects of the estate administration. Accordingly, when Middleton was called as a witness on behalf of the appellees (who were the proponents of the will and codicil whose probate appellants sought to revoke) to testify as to transactions and communications between the decedent and himself pertaining to the preparation of the documents in question, the appellants objected. It was their contention that as attorneys for the executor, Middleton's firm would be paid substantial fees in the future administration of the estate. But if the appellants were successful, the executor named in the codicil would be removed, and with the executor, Middleton's firm. Therefore, Middleton stood to gain or lose, depending upon the outcome of the litigation and was not competent as a witness in the face of the dead man's statute.
In Meyer v. Fogg, 7 Fla. 292, 68 Am. Dec. 441 (1857), a case analogous to the present case, the court held that an executor did not have such "interest" in the outcome of the case so as to preclude him from testifying unless he was a beneficiary of the estate and that mere entitlement to the executor's commission would not render him incompetent under the dead man's statute.
In a case whose facts are similar, In re Estate of Fordyce, 130 Ill. App.2d 755, 265 N.E.2d 886 (1971), the court held that a lawyer who had prepared a will submitted for probate and who was representing the executor in the administration of the estate but not in the will contest in which he proposed to testify was not barred from testifying by the Illinois dead man's statute because the disqualifying interest provided in the statute must be some legal, certain, and *705 immediate interest in the event of the cause. The court went on to hold that the future attorney's fees which the lawyer might be paid by the executor in the future administration of the estate did not fall within the purview of that disqualifying interest.
The evidence in the present case reflects that any attorney's fees to be paid by the executor to Middleton's firm would be based upon quantum meruit. Thus, they would be earned as a result of legal work performed by the firm and were not dependent upon the outcome of the suit, as would be the case if the payment of fees was based upon a contingent fee contract. We therefore conclude that the trial court properly permitted Mr. Middleton to testify.
The judgment appealed from is affirmed.
CROSS and MAGER, JJ., concur.