ROSAURA REYES DE LICEA, Plaintiff-Appellant, *v.* FILIPE REYES, Defendant-Appellee.

First District (5th Division)   No. 79-2347

Opinion filed August 15, 1980.

Genaro Lara, of Chicago, for appellant.

Daniel Nagle, of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

This appeal arises out of an action for accounting and dissolution of a partnership between plaintiff Rosaura Reyes De Licea and defendant Felipe Reyes. Defendant moved to dismiss the action for lack of venue because the action will affect real property, owned by the partnership, located in Mexico City, Mexico. The trial court granted defendant's motion. Plaintiff appeals from that order.

According to the plaintiff's complaint, the parties, in 1968, entered into an oral partnership agreement in Illinois for the purpose of investing in realty in Mexico City, Mexico. Both partners reside in Chicago, Illinois. Later that year, the partnership purchased realty in Mexico City and eventually built an apartment building on that property. Operation of the apartment building is conducted through an agent of the partnership in Mexico City. On January 17, 1979, plaintiff filed this action for accounting and dissolution of partnership. Plaintiff alleged, *inter alia*, that defendant made improper requests for monetary contributions to the partnership from the plaintiff, that defendant's conduct toward the plaintiff was offensive, that this conduct included threats of physical harm upon her husband and that defendant engaged in serious policy disputes with the plaintiff over the operation of the partnership. These allegations are the factual basis for plaintiff's cause of action. In her prayer for relief, plaintiff requested an accounting of all partnership transactions, including any partnership funds misapplied by defendant; repayment to plaintiff of any amount found due her; dissolution of the partnership; appointment of a receiver to manage the partnership business until the partnership affairs are finally settled; a partition, or liquidation of the real property held by the partnership; and other appropriate equitable relief.

In his motion to dismiss the action for lack of venue, defendant maintained that this is an action for partition of real estate located outside of Illinois, and therefore no Illinois court constitutes a proper venue for this action. As authority for this position, defendant relies on section 7(2) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 7(2)), which provides:

"Any action to quiet title to real estate, or to partition or recover possession thereof or to foreclose a mortgage or other lien thereon, must be brought in the county in which the real estate or some part of it is situated."

Defendant also maintained, albeit in ambiguous fashion, that this action should be dismissed under the doctrine of *forum non conveniens.* The trial court's dismissal of plaintiff's action was predicated on section 7(2) of the Civil Practice Act. Ill. Rev. Stat. 1977, ch. 110, par. 7(2).

On appeal, plaintiff contends that this is not an action for partition of real estate, but for an accounting and dissolution of a partnership. Since defendant resides in Chicago, the circuit court constituted a proper venue for this action. Authority for plaintiff's conclusion is found in section 5 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 5), which provides in pertinent part:

"Except as otherwise provided in this Act, every action must be commenced (a) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him and not solely for the purpose of fixing venue in that county, or (b) in the county in which the transaction or some part thereof occurred out of which the cause of action arose."

Additional support for plaintiff's position is found in the cases of other jurisdictions. Numerous courts have held that an action for an accounting and dissolution of a partnership is transitory and personal in nature, and therefore venue is determined by the residence of the parties. (*E.g., Jarvis v. Hamilton* (1952), 73 Idaho 130, 246 P.2d 216; *Haverly v. Haverly* (1949), 326 Mich. 384, 40 N.W.2d 194; *Kirshenbaum v. Smith* (Tex. Civ. App. 1972), 480 S.W.2d 500; see also 33 A.L.R.2d 914 (1954).) The question facing us is whether this action is for an accounting and dissolution or for a partition of real estate.

■■ Our review of the complaint reveals that plaintiff's primary claim is for an accounting and dissolution of the partnership. More specifically, plaintiff has alleged that defendant has received money from her, in the name of the partnership, which may be unwarranted; that defendant may have misapplied partnership funds; and that defendant's conduct has terminated any possibility of continuing the partnership. Further, plaintiff has requested a full accounting of the partnership business, with emphasis on defendant's alleged misuse of partnership funds; a reimbursement to her of funds improperly received from her; dissolution of the partnership; appointment of a receiver to facilitate settlement of partnership affairs; and other appropriate relief. Although plaintiff has requested a partition of partnership real estate, this relief is incidental to her basic action. In essence, plaintiff seeks a liquidation of all partnership assets for payment

of partnership debts with the surplus divided between the partners. These allegations leave no doubt that plaintiff's primary action is for an accounting and dissolution of the partnership. Consequently, we hold that venue for this action, which is personal and transitory in nature, is governed by section 5 of the Civil Practice Act. Ill. Rev. Stat. 1977, ch. 110, par. 5.

■■ Our conclusion is also supported by fundamental principles of partnership law. Illinois, both by statute and decision, treats real property of a partnership as personal property with regard to the individual interests of the partners and the winding up of the affairs of the partnership. (Ill. Rev. Stat. 1977, ch. 106½, par. 26; *Swirsky v. Horwich* (1943), 382 Ill. 468, 47 N.E.2d 452; *Wharf v. Wharf* (1922), 306 Ill. 79, 137 N.E. 446; *Andrulis v. First National Bank* (1972), 4 Ill. App. 3d 436, 281 N.E.2d 417, *sub nom. Drobnick v. Andrulis, cert. denied* (1973), 410 U.S. 931, 35 L. Ed. 2d 593, 93 S. Ct. 1373.) This principle of conversion of real property to personal property is an equitable device employed to effectuate the settlement of partnership business by permitting the simple liquidation of all partnership assets to pay firm debts and then dividing the balance among the partners. (See *Miller v. Howell* (Tex. Civ. App. 1950), 234 S.W.2d 925.) Thus, this action does not involve the partition of real estate of a partnership, but the liquidation of personal property to facilitate the settlement of the partnership's business.

■■ Before this court, the parties, in their briefs, have addressed to a limited extent the issue of the trial court's jurisdiction over land located in Mexico. While the trial court did not rule on this issue, we will take the time now to settle it. Generally, a court must have jurisdiction over land before affecting rights and interests in the property. (*Bevans v. Murray* (1911), 251 Ill. 603, 96 N.E. 547.) However, where the court has *in personam* jurisdiction over the interested parties and its equitable powers are invoked, the court may affect the land indirectly by acting directly on the interested parties. (*Chirekos v. Chirekos* (1975), 33 Ill. App. 3d 606, 338 N.E.2d 140; *In re Estate of Truman* (1975), 32 Ill. App. 3d 886, 336 N.E.2d 766; *In re Estate of Hansen* (1969), 109 Ill. App. 2d 283, 248 N.E.2d 709.) Consequently, in the present case, the ultimate relief decreed by the trial court may be achieved by acting directly on the parties, who are within the court's *in personam* jurisdiction, regardless of the location of the property.

Accordingly, the order of the circuit court dismissing the plaintiff's complaint for lack of venue is reversed, and the cause remanded for further proceedings consistent with the content of this opinion.

Reversed and remanded.

SULLIVAN, P. J., and MEJDA, J., concur.