## AMES *v.* HOLDERBAUM *et al.*

### (*Circuit Court, S. D. Iowa.* June 3, 1890.)

**FEDERAL COURTS—JURISDICTION—SUIT TO FORECLOSE MORTGAGE.**

Under Act Cong. March 3, 1875, § 8, (18 U. S. St. p. 470, c. 137,) which is expressly left in force by amendatory Act Cong. Aug. 13, 1888, (25 U. S. St. p. 433, c. 866,) and which provides that "when, in any suit commenced in any circuit court of the United States to enforce any legal or equitable lien upon * * * real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of, or found within, the said district, * * * it shall be lawful for the court to make an order directing such absent defendant or defendants to appear," etc., the circuit court has jurisdiction of a suit by a resident of another district to foreclose a mortgage on land situated within the district, though some of the defendants are, and others are not, residents of the district in which the suit is brought.

In Equity. Bill to foreclose mortgage on real estate.
*Kauffman & Guernsey,* for complainant.
*John Leonard & Son,* and *Gatch, Connor & Weaver,* for defendants.

SHIRAS, J. The complainant is, and was when this suit was brought, a citizen of the state of Illinois; A. C. Holderbaum was a citizen of Iowa, and Henry and David Hochstetler were citizens of Ohio; and the property covered by the mortgage sought to be foreclosed is in Iowa. The motion to dismiss is based upon the theory that under the statute of August 13, 1888,[1] the jurisdiction of the circuit court of the United States is based solely upon the diverse citizenship of the adversary parties, and that, under the construction given thereto by the supreme court in the case of *Smith* v. *Lyon,* 10 Sup. Ct. Rep. 303, this court cannot take jurisdiction of this cause, because two of the defendants are citizens of Ohio. If this suit was a purely personal action, wherein the place of bringing the suit was dependent upon the residence of the parties, the objection urged to the jurisdiction would have weight; but is the rule recognized in *Smith* v. *Lyon* applicable to suits for foreclosure of mortgages on realty, wherein the place of bringing suit is determined by the location of the realty covered by the mortgage? Under the statutes of Iowa. the mortgagor retains the legal title and right of possession of mortgaged realty, and proceedings for the foreclosure thereof must be brought in the county wherein the realty, or some part thereof, is situated. The decree operates *in rem,* and may be rendered without per-

[1] 25 U. S. St. p. 433, c. 866.

sonal service upon or jurisdiction over the person of the mortgagor, and the suit is therefore to be deemed to be local in its nature. 2 Jones, Mortg. § 1444. When the suit is of a purely personal nature, the place of bringing suit, when jurisdiction depends solely upon the diverse citizenship of the parties, is by the act of 1888 restricted to the districts wherein the plaintiff and the defendant reside; and, unless all the plaintiffs reside in one district, suit cannot be brought in that district. Nor, unless all the defendants reside in the same district, can suit be brought therein, because the statute does not confer the right to bring the suit in a district wherein a part only of the defendants reside. In *Smith* v. *Lyon* it is shown that this has been the construction placed upon the judiciary act of 1789, and all succeeding acts regulating the jurisdiction of the circuit courts. In the act of 1875,[1] by section 8 thereof, it is provided "that when, in any suit commenced in any circuit court of the United States to enforce any legal or equitable lien upon, or claim to, or to remove any incumbrance or lien or cloud upon, the title to real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of, or found within, the said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear," etc. This section clearly recognizes and confers jurisdiction to proceed in the class of cases therein named, which includes the foreclosure of mortgages, even though one or more of the defendants was not an inhabitant of the district wherein the suit was brought.

If the controversy was between citizens of the United States, and included a sufficient amount, the controversy came within the jurisdiction of the federal courts. If the foreclosure of a mortgage on real estate was the purpose of such suit, the place of bringing the action was determined by the location of the mortgaged property. In other words, under the provisions of the act of 1875, if a citizen of Ohio held a mortgage on realty in Iowa to secure a debt in excess of $500 given by a resident and citizen of Iowa and by a resident and citizen of Missouri, he could file a bill of foreclosure in the federal court in Iowa, and procure and publish an order for the appearance of the non-resident defendant. The act of 1888 expressly provides that section 8 of the act of 1875 remains in force, notwithstanding the passage of the former act. The statute of 1888 is therefore to be construed as though section 8 formed a part of it, as in substance it does. This section is clearly intended to define the place of bringing suit when the purpose is the enforcement of a lien upon title to realty, and under its provisions it is the location of the property, and not the residence of the parties, that settles the place of suit. In the classes of cases coming within its provisions, section 8 has the same force in connection with the act of 1888 as it had in connection with the act of 1875. As stated in *Smith* v. *Lyon,* the first clause of the act of 1888 "describes the jurisdiction common to all the circuit

---

[1] Act Cong. March 3, 1875, (18 U. S. St. p. 470, c. 137.)

courts of the United States as regards the subject-matter of the suit, and as regards the character of the parties who, by reason of such character, may, either as plaintiffs or defendants, sustain suits in circuit courts; but the next sentence in the same section undertakes to define the jurisdiction of each one of the several circuit courts of the United States with reference to its territorial limits." In other words, the first clause of the section defines the jurisdiction of the circuit courts of the United States, —that is, defines the several classes of cases which may be brought in such courts. The second clause determines the place of bringing suit in personal actions; and section 8 of the act of 1875, which, in effect, becomes the third clause of the act of 1888, determines the place of suit when the purpose is to enforce a claim to or lien upon realty, and authorizes the bringing suit in the district where the property, or some part of it, is situated. This construction preserves the full force of section 8 of the act of 1875, which was evidently the intent of the act of 1888, and conforms the meaning thereof to that which it had in the former act. In fact, the statute of 1888 is declared to be merely an amendment of the act of 1875; and it is clear that, if the present proceeding could have been brought in this court under the act of 1875 before it was amended, it can be brought under that act as amended.

The amount involved is sufficient. The parties plaintiff and defendant are citizens of different states. The controversy is the enforcement of a mortgage lien by a proceeding seeking the sale of the realty. The suit is pending in the district wherein the mortgaged realty is situated. Under these circumstances, there is nothing in the language of the act of 1888 which shows that it was the intent of congress, in the passage of that act, to defeat the jurisdiction which would have attached under the provisions of the act of 1875. The motion to dismiss is therefore overruled.