MUNICIPAL INV. CO. et al. v. GARDINER et al.

(Circuit Court, D. Indiana. September 1, 1894.)

No. 99.

1. JURISDICTION—MOTION TO DISMISS.
   The question of jurisdiction may be raised by motion to dismiss, want of jurisdiction being shown by the bill.

2. SAME—SPECIFIC PERFORMANCE—RESIDENCE OF PARTY.
   A suit to enforce a contract to convey land should be brought in the district where one of the parties resides, within Act March 3, 1887, as amended by Act Aug. 13, 1888 (25 Stat. 433), providing that, where jurisdiction of a federal court is founded only on diversity of citizenship, suit shall be brought only in a district, the residence of one of the parties; Act March 3, 1875, § 8 (continued in force by said acts of 1887 and 1888), allowing suit to enforce any legal or equitable lien on or claim to, or to remove any incumbrance or lien or cloud on, the title to real or personal property, to be maintained in the district where the property is located, not applying to specific performance.

Suit by the Municipal Investment Company and another against J. M. Gardiner and another. Defendants move to dismiss. Motion granted.

Ball, Wood & Oakley, for complainants.
A. A. Chapin, for defendants.

BAKER, District Judge. This is a suit to enforce a contract for the conveyance of land, and for an accounting. The bill alleges that the complainants are citizens of the state of Illinois, and that the defendants are citizens of the state of Kentucky. The substance of the averments which purport to state the cause of action is that the Municipal Investment Company advanced money to defendants to improve certain real estate in Jay county, Ind., for which they held an option in a contract of purchase; that the defendants, in consideration of the agreement of the Municipal Investment Company to make further advancements, promised to have the legal title of the land conveyed to complainant Cole to secure the investment company for such advances, upon the faith of which advancements were made; and that in violation of the agreement the defendants took the deed in their own names. Cole, while made a co-complainant,

is not shown to have any interest other than as a mere trustee for holding the legal title for the benefit of the investment company. The prayer is that the court adjudge that the legal title to the land is held by the defendants in trust for the performance of their agreement; that they be required to execute a deed to said Cole of said real estate, or, in default, that the master make a deed therefor; and that the court take an accounting, and ascertain how much is due the complainants for their advancements, and award all other proper relief.

The defendants move to dismiss the bill for want of jurisdiction, because neither of the parties to the suit is a citizen of this district. This case is not one where a plea in abatement is required to raise the question of jurisdiction. Here the citizenship of the parties is averred in the bill of complaint, and the alleged defect in the jurisdiction of the court is apparent. Where the want of jurisdiction is disclosed on the face of the bill, the defect may be reached by demurrer, or taken advantage of without demurrer, by motion to dismiss. Coal Co. v. Blatchford, 11 Wall. 172. The defendants base their motion on the following provision of the act of March 3, 1887, as amended August 13, 1888 (25 Stat. 433), to wit:

"And no civil suit shall be brought before either of said courts, against any person, by any original process or proceeding, in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

The contention of the complainants is that this suit is maintainable upon the authority of section 8 of the act of March 3, 1875, which is continued in force by the acts of 1887 and 1888. The portion of section 8 material to the question in hand is as follows:

"That when in any suit, commenced in any circuit court of the United States, to enforce any legal or equitable lien upon, or claim to, or to remove any incumbrance or lien or cloud upon, the title to real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of, or found within, the said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, answer or demur, by a certain day to be designated, which order shall be served upon such absent defendant or defendants if practicable, wherever found, and also upon the person or persons in possession or charge of said property, if any there be."

Section 8, having been continued in force by the acts of 1887 and 1888, must be construed as a part of the last-named acts. It is the duty of the court to harmonize and give effect to both of the foregoing statutory provisions, if practicable. It is firmly settled that the jurisdiction of the federal courts is a limited one, depending either upon the existence of a federal question, or upon the diverse citizenship of the parties. Where both of these elements of jurisdiction are wanting, the court cannot proceed, even with the consent of the parties. Byers v. McAuley, 149 U. S. 608, 618, 13 Sup. Ct. 906. In the present case no federal question is disclosed, and consequently, if the jurisdiction of the court can be maintained, it must be upon

the ground of the diverse citizenship of the parties. A circuit court of the United States has no jurisdiction over a suit to enforce a contract for the conveyance of land, brought in the district where the land is situated, unless the requisite diversity of citizenship exists. Plant Inv. Co. v. Jacksonville, T. & K. W. Ry. Co., 152 U. S. 71, 14 Sup. Ct. 483. This case establishes the doctrine that in a suit to enforce a contract for the conveyance of land the diversity of citizenship, and not the situs of the real estate, determines the jurisdiction of the court. A suit to enforce a contract for the conveyance of land is a proceeding in personam, and not in rem. A decree in such a suit operates upon the person, and does not affect the title to the land. The court, by suitable process, compels the defendant to do that which, by the terms of his contract, he had agreed voluntarily to perform. In Muller v. Dows, 94 U. S. 444, it is said:

"It is here, undoubtedly, a recognized doctrine that a court of equity, sitting in a state having jurisdiction of the person, may decree a conveyance by him of land in another state, and may enforce the decree by process against the defendant."

In Phelps v. McDonald, 99 U. S. 298, it is said:

"Where the necessary parties are before a court of equity, it is immaterial that the res of the controversy, whether it be real or personal property, is beyond the jurisdiction of the tribunal. It has the power to compel the defendant to do all things necessary according to the lex loci rei sitae, which he could do voluntarily, to give full effect to the decrees against him. Without regard to the situation of the subject-matter, such courts consider the equities between the parties, and decree in personam according to those equities, and enforce obedience to their decrees by process in personam."

In Hart v. Sansom, 110 U. S. 151, 3 Sup. Ct. 586, it is said:

"Generally, if not universally, equity jurisdiction is exercised in personam, and not in rem, and depends upon the control of the court over the person of the parties, by reason of their presence or residence, and not upon the place where the land lies, in regard to which relief is sought. Upon a bill for the removal of a cloud upon the title, as upon a bill for the specific performance of an agreement to convey, the decree, unless otherwise expressly provided by statute, is clearly not a judgment in rem, establishing a title in land, but operates in personam only, by restraining the defendant from asserting his claim, and directing him to deliver up his deed to be canceled, or to execute a release to the plaintiff."

In Carpenter v. Strange, 141 U. S. 87, 11 Sup. Ct. 960, it is held that a court of equity may, in a proper case, compel a person to act in relation to property not within its jurisdiction; that while its decree does not operate directly upon the property, nor affect its title, it is made effectual through the coercion of the party defendant, as, for instance, by directing a deed to be executed by or on behalf of a party. In Massie v. Watts, 6 Cranch, 148, it is distinctly held that a court of equity has power to declare a trust in land without its jurisdiction, if it has acquired jurisdiction over the person of the defendant.

The doctrine announced in these cases is so firmly established that a further citation is needless. If, therefore, this suit had been brought in the district of which either the plaintiffs or the defendants are citizens, the circuit court of the United States for

that district could have decreed the specific performance of the contract in suit, and could have compelled obedience to its decree by attachment or sequestration.

Ought the court to give such a construction to the eighth section of the act of 1875 as to compel the defendants to litigate in this district a suit over which the circuit court of the United States for the district of their residence has complete and undoubted jurisdiction? I think not, because the circuit court of the United States for the district of which either the plaintiffs or the defendants are citizens has jurisdiction to award all the relief sought by the present bill. The acts of 1887 and 1888 provide that, "where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or defendant." In a suit to enforce a contract for the conveyance of land, the jurisdiction is founded only on the fact that the suit is between citizens of different states, and in such case the suit must be brought in the district of the residence of either the plaintiff or defendant. Section 8 of the act of 1875 does not, in terms, embrace a suit to enforce a contract for the conveyance of land. The cases provided for in this section are confined to suits "to enforce any legal or equitable lien upon, or claim to, or to remove any incumbrance or lien or cloud upon, the title to real or personal property within the district where the suit is brought." It is evident that this suit is not one to enforce any legal or equitable lien upon or claim to the land. No decree is asked affecting the land, but one operating solely in personam. The decree sought would in no wise affect the land, nor alter the status of the title. Nor is it a suit to remove any incumbrance or lien or cloud upon the title to the land. The acts of 1887 and 1888 were enacted with the purpose of limiting the jurisdiction of the federal courts, and section 8 of the act of 1875 must be construed so as to effectuate this legislative intent. It ought not, in my judgment, to be construed to embrace any cases not falling clearly within its terms. In Ames v. Holderbaum, 42 Fed. 341, it is held that a suit to foreclose a mortgage on real estate is maintainable in the district where the land is situated, although neither party to the suit is a citizen of that district. But in such case the decree operates directly upon the land. It is a proceeding in rem. So in Spencer v. Stock-Yards Co., 56 Fed. 741, it is held that an action of ejectment can be maintained in the district where the land is situated, although neither party to the action is a citizen of that district. Such an action is one to recover possession of the real estate, and is local in its nature. The present action is not local, but transitory, and does not seek any relief except a decree operating in personam. The bill is dismissed for want of jurisdiction.