RAPHAEL J. MUSICUS, INC.,
Plaintiff-Appellant,

v.

SAFEWAY STORES, INCORPORATED,
Defendant-Appellee.

No. 83–3001.

United States Court of Appeals,
Seventh Circuit.

Argued May 7, 1984.

Decided Aug. 30, 1984.

As Amended Sept. 5, 1984.

Raphael J. Musicus of Raphael J. Musicus Ltd., Wilmette, Ill., for Raphael J. Musicus, Inc.

Harry L. Hobson, Holland & Hart, Denver, Colo., for defendant-appellee.

Before CUDAHY and FLAUM, Circuit Judges, and KELLAM, Senior District Judge.*

CUDAHY, Circuit Judge.

This is an appeal from a dismissal for lack of proper venue of a diversity case which presents somewhat arcane and technical issues involving the characterization of actions as local or transitory for venue purposes. For the reasons given below, we reverse and remand to the district court for further proceedings.

I

Defendant-appellee, Safeway Stores, Inc. ("Safeway"), undertook in 1961 a sale and leaseback arrangement of seven properties with a predecessor in interest of the plaintiff-appellant, Raphael J. Musicus, Inc.

---

* Honorable Richard B. Kellam, Senior District Judge for the Eastern District of Virginia, is sitting by designation.

("Musicus"). Musicus is now the lessor of two of these properties on which Safeway stores were located. One property is in Hardin, Montana and the other is in Lincoln, Nebraska. The leases for both properties, which are identical, have an initial term of twenty years, which began in 1962, with an option to renew six times, each time for a term of five years. The leases also contain an assignment provision which permits Safeway to assign its interest for a period extending beyond the expiration of the original term or any renewal term then in effect *only* with the lessor's prior written consent.

The plaintiff sued for several breaches of these lease agreements involving failure to provide liability insurance and sufficient fire insurance, failure to maintain the premises in good repair, adverse alteration of the premises, assignment of the leases beyond their original term or renewal term then in effect without the lessor's approval and failure to pay rent. In addition, plaintiff alleged that Safeway made fraudulent misrepresentations, on which the plaintiff relied, about Safeway's intent to perform material aspects of the sale and leaseback agreement. The relief which Musicus requests includes the voiding of the renewal options of both leases and the voiding of the respective subleases, an injunction to restrain a threatened breach of the Lincoln lease through assignment, compensatory and special damages, treble damages for wilful trespass and unlawful detainer under applicable Nebraska and Montana statutes and exemplary and punitive damages on the fraud count. The damages sought for alleged trespass depend entirely on the determination of the parties' respective rights under the leases and the renewal options.

The district court had dismissed Musicus' complaint on two prior occasions—the first

time because the claim was not yet ripe for adjudication and the second for lack of subject matter jurisdiction. On the third occasion, the district court dismissed the second amended complaint for improper venue after finding that there was subject matter jurisdiction. Safeway does not appeal from this determination of jurisdiction, and we note that the district court's determination appears correct.[1]

The dismissal for improper venue was based on the characterization of the action as local under the law of the forum, Illinois. After observing that Illinois courts have never decided whether an action to cancel or void a lease is transitory or local in nature, the district court relied primarily on the Illinois venue statute and on decisions of other state courts. The district court concluded that the plaintiff seeks essentially to recover possession of the properties, a form of relief which would fall within the terms of the Illinois venue statute. That statute provides that an action to recover possession of real estate "must be brought in the county in which the real estate or some part of it is situated." Ill. Rev.Stat. ch. 110, ¶ 2–103 (1982). Although a court without venue would normally transfer the action to the district in which venue properly lies, the district court in this case dismissed the action because venue would only be proper as to each property in the respective district in which the property in question is located.

II

This suit involves allegations of breach of contract, fraud and trespass based on the interpretation of a lease. In order to determine where proper venue would lie in a case such as this one, we must first characterize the action as either local or transitory. Generally, local actions are those which directly affect real property,

1. Musicus has alleged in the second amended complaint damages in excess of the $10,000 jurisdictional amount. The first amended complaint was dismissed because the breaches, at the time the suit was filed, were either anticipatory or only technical and, hence, no amount of damages could be alleged or determined to the

court's satisfaction. In the current complaint, the plaintiff has alleged that the breaches by assignment were more than merely technical and so the jurisdictional requirement is satisfied. *Musicus v. Safeway Stores, Inc.*, No. 82 C 2726, slip op. at 2–4 (N.D.Ill. Sept. 20, 1983).

and traditionally such actions must be brought in the district in which the real property is located. *See* Part III, *infra.* Transitory actions, on the other hand, can usually be brought in any court having personal jurisdiction over the defendant.

■ The federal venue statute, 28 U.S.C. §§ 1391 and 1392, sets out the rules for determining where proper venue lies depending on whether the action is local or transitory. These rules fail, however, to define "local" and "transitory" actions. Thus, while a determination of proper venue is clearly a matter of federal law, it is unclear whether the federal statute should be interpreted by reference to general law, including the decisions of both state and federal courts, or by reference specifically to the law of the forum state, in this case Illinois. Issues involving real property are often resolved by reference to state law, and thus a strong argument for adopting the law of the forum can be made.[2]

There is also, however, some authority that general law should be applied, as in *Pasos v. Pan American Airways, Inc.,* 229 F.2d 271 (2d Cir.1956), which rejected the application of a New York statute and followed prior federal decisions. *See also Livingston v. Jefferson,* 15 Fed.Cas. 660, 665, No. 8,411 (C.C.D.Va.1811) (apparently rejecting Virginia statute and following federal law). In addition, Moore makes a strong argument on policy grounds for the adoption of a uniform federal venue rule. According to Moore, the use of state rules can prevent a plaintiff from suing for a personal judgment for trespass to land even in a state having personal jurisdiction over the defendant. Moore also points out that the characterization of a suit for venue purposes is a matter of federal procedure and therefore should not be governed by state law.[3] Moore's *Federal Practice* ¶ 0.142 [2.–1] at 1368–70. However, we do not need to resolve this question. As appears below, whether the venue question is resolved by reference to state law or to general law, the result is the same.

### III

■ Proper venue is determined by the characterization of the action as either local or transitory—a determination which, in turn, depends on the type of relief sought. As noted, *supra* Part II, the federal statute, 28 U.S.C. §§ 1391–1401, does not define either a local or a transitory action. The traditional and well-established distinction, however, is the same as that between *in personam* and *in rem* jurisdiction. *See, e.g., Mostyn v. Fabrigas,* 1 Cowp. 161, 98 Eng.Rep. 1021 (K.B.1774); *Little v. Chicago, St. Paul, Minneapolis & Omaha Railroad Co.,* 65 Minn. 48, 67 N.W. 846 (1896). The reason for this parallel is simply that, in order to provide *in rem* relief, the court must have jurisdiction over the real property at issue, and a local action must therefore be brought in the jurisdiction in which that real property is located. On the other hand, to provide *in personam* relief, the court need only have personal jurisdiction over the defendant, and thus a transitory action may be brought in any jurisdiction in which the

---

**2.** Some courts have cast this controversy in terms of the doctrine of *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and hold that, under *Erie,* the characterization of an action is substantive and thus a matter of state law. *See, e.g., Still v. Rossville Crushed Stone Co.,* 370 F.2d 324, 325 (6th Cir. 1966), *cert. denied,* 387 U.S. 918, 87 S.Ct. 2030, 18 L.Ed.2d 970 (1967); *Big Robin Farms v. California Spray-Chemical Corp.,* 161 F.Supp. 646, 647–49 (W.D.S.C.1958) (collecting relevant cases). The *Erie* doctrine does not, however, seem applicable to this issue because venue is a procedural issue governed by federal statutes and thus basically a matter of federal law. The one decision relied on by the district court in adopting Illinois law, *Tcherepnin v. Franz,* 439 F.Supp. 1340, 1345 (N.D.Ill.1977), in fact discusses both federal and state law without making a clear choice between the two.

**3.** We note that the federal venue statute does not provide for the precise situation in this case if the action were to be characterized as local. Section 1392(b) concerns only the situation in which property is located in different districts in the same state but not that in which property is located in different states. In light of our holding below, however, we do not need to attempt to fill this gap in the federal venue provisions.

defendant can be found. This distinction is applied generally, but with one exception which will be discussed below. This same distinction is applied even to the situation in which the plaintiff seeks a personal judgment which will ultimately affect real property—so long as the action is based in fraud, trust or contract. Such an action is considered to be transitory and may be brought in any jurisdiction where there is personal jurisdiction over the defendant.

This rule was explained in *Massie v. Watts*, 6 Cranch 148, 3 L.Ed. 181 (1810), where the plaintiff alleged that he had been deprived of certain lands in Ohio through the fraudulent actions of the defendant who, while acting as the surveyor, appropriated the land to himself. The Supreme Court held that the plaintiff's suit to recover the lands could be brought in the district court sitting in Kentucky which had personal jurisdiction over the defendant, stating:

> Where the defendant ... is liable to the plaintiff, either in consequence of contract, or as trustee, or as the holder of a legal title acquired by any species of mala fides practiced on the plaintiff, the principles of equity give a court jurisdiction wherever the person may be found, and the circumstance, that a question of title may be involved in the inquiry, and may even constitute the essential point on which the case depends, does not seem sufficient to arrest that jurisdiction.
>
> \*   \*   \*   \*   \*   \*
>
> This court is of opinion that, in a case of fraud, or trust, or of contract, the jurisdiction of a court of chancery is sustainable wherever the person be found, although lands not within the jurisdiction of that court may be affected by the decree.

6 Cranch at 158–60, 3 L.Ed. 181.

These principles have been generally followed and apply even to suits for specific performance of contracts where the subject of the contract is real property except when the court's decree would itself operate as a conveyance of the property. *See,*

*e.g., Sax v. Sax*, 294 F.2d 133, 136–37 (5th Cir.1961) (suit to undo fraudulent conveyance of property may be brought in district court in Florida, although trust *res* was located in Illinois, because court can grant requested relief through "coercive sanctions"); *Dan Cohen Realty Co. v. National Savings & Trust Co.*, 125 F.2d 288, 289–90 (6th Cir.1942) (suit to enforce a lease or other contract to convey land is *in personam* and must be brought in jurisdiction having personal jurisdiction over the defendant); *Municipal Investment Co. v. Gardiner*, 62 F. 954, 956 (C.C.D.Ind.1894) (suit to enforce a contract for the conveyance of land is a proceeding *in personam* and not *in rem*); *Tcherepnin v. Franz*, 439 F.Supp. 1340, 1345 (N.D.Ill.1977) (action to set aside a fraudulent conveyance of land is transitory since a personal judgment against the defendant is sought); *Miller & Lux, Inc. v. Nickel*, 149 F.Supp. 463, 466–67 (N.D.Cal.1957) (suit to enforce constructive trust upon property is transitory under both federal and state law).

Illinois courts have followed this same general rule in characterizing suits as either local or transitory for purposes of interpreting the state venue statute. In *Bevans v. Murray*, 251 Ill. 603, 96 N.E. 546 (1911), the Illinois Supreme Court, relying on *Massie v. Watts* and earlier Illinois precedent, held that a suit to construe a deed to land, some of which was located in the state of Indiana, was *in personam* and stated:

> "Where the relief sought could be effected by acting directly upon the person of the defendant, the court of chancery has never hesitated to entertain the bill where the defendant is found within its jurisdiction, whether the subject matter of the controversy be within its control or not. Of this character are those cases where the courts have compelled specific performances of contracts for the conveyance of or relating to land which is situate beyond its jurisdiction, and in such case the court will compel a conveyance to be executed in such manner and form as may be prescribed by the laws of

the country where the land is situate...."

\* \* \* \* \* \*

"The decree in such cases settles the rights of the parties before the court with respect to some contract, conveyance, trust or fraudulent conduct, and by attachment or other coercive means compels the offending party to comply with the requirements of the decree or simply declares the transaction complained of void, and thereby removes an obstruction to the enforcement of his legal remedies."

251 Ill. at 624–25; 96 N.E. at 554 (citing *Enos v. Hunter*, 9 Ill. 145, 147–48, 4 Gilm. 211, 214–16 (1847) and *Johnson v. Gibson*, 116 Ill. 294, 300–03, 6 N.E. 205, 209 (1886)). *See also Tcherepnin v. Franz*, 439 F.Supp. 1340, 1345–46 (N.D.Ill.1977) (under Illinois law an action to set aside a fraudulent conveyance is transitory, citing *Johnson v. Gibson, supra,* 116 Ill. 294, 300–03, 6 N.E. 205 (1886)); *Stewart Oil Co. v. Sohio Petroleum Co.*, 185 F.Supp. 765, 767–68 (E.D. Ill.1960) (action to recover both past and future proceeds of royalty payments from sale of gas and oil, although also requiring adjudication of title of lands located in another district, did not need to be brought in district in which the lands were located), *aff'd*, 315 F.2d 759 (7th Cir.1963), *cert. denied*, 375 U.S. 828, 84 S.Ct. 71, 11 L.Ed.2d 60 (1963); *Blackhurst v. James*, 304 Ill. 586, 592–97, 136 N.E. 754, 757 (1922) (suit to set aside conveyance of land pursuant to a will on grounds that defendant had unduly influenced the testator could be brought in county having jurisdiction to hear the will contest, even when lands were located in a different county); *Hayes v. O'Brien*, 149 Ill. 403, 409–10, 37 N.E. 73, 74 (1894) (an action to enforce an option to purchase land contained within a lease contract does not require the court to deal directly with the real estate itself and may be brought in any court having *in personam* jurisdiction over the defendant); *DeLicea v. Reyes*, 87 Ill.App.3d 704, 707, 43 Ill.Dec. 179, 181, 410 N.E.2d 179, 181 (1980) (action to partition partnership real estate, considered personalty but located in Mexico, may be brought in any court having *in personam* jurisdiction over the defendant because "the court may affect the land indirectly by acting directly on the interested parties").

■ Federal law and Illinois law thus agree that a wide variety of types of actions which affect lands, from the conveyance of real estate to the enforcement of lease provisions, are nonetheless considered transitory actions requiring only *in personam* jurisdiction over the defendant. The determinative element in defining a transitory action is whether the type of relief requested is of a "personal" nature so that the court, in acting upon the person or personal property of the defendant which is within its control, need not act directly upon the lands involved. Rather, as the Illinois Supreme Court stated in *Bevans v. Murray*, 251 Ill. at 625, 96 N.E. at 554, a court can act indirectly upon the lands by employing appropriate sanctions and otherwise "coercing" the defendant. Thus, while no Illinois or federal case provides a precise parallel, we are persuaded that an Illinois court would apply to the facts before us the rule that the relief requested determines the character of the action for venue purposes, even if real property were to be indirectly affected. We therefore turn next to an examination of the types of relief which the plaintiff has requested in the instant case.

The plaintiff's prayer for compensatory and special damages under Counts I and II (the two counts involving breach of contract) are clearly attempts to obtain a personal money judgment against the defendant. The prayer for compensatory, special, punitive and exemplary damages on the fraud count (Count III) is of a similar nature. The requests for treble damages under the Montana unlawful detainer statute and the Nebraska wilful trespass statute are apparently of a similar nature, but, because they may fall into a special exception, they will be treated separately.

The plaintiff has also requested that the renewal options of both leases and the alleged subleases entered into by the defendant be voided, and it seeks an injunction to restrain a threatened breach of the Lincoln, Nebraska lease through assignment.

These requested remedies merely involve an attempt to adjudicate the rights and obligations of the parties under the lease.[4] As such, they must also be characterized as largely personal in nature.

The district court had characterized the plaintiff's request for a voiding of the leases and of the renewal options as an action to recover possession of real estate. The plaintiff, however, has asked for various kinds of relief, including money damages and injunctive relief, but not including recovery of possession of the properties. The issue whether it may ultimately wish to attempt to recover possession of the properties is not now before us. It is not, therefore, for us to second-guess the plaintiff's choice of remedy. The adjudication of the parties' respective rights under the leases is the sole issue confronting us and, as our discussion of both general law and Illinois law demonstrates, such actions, even those concerning construction and enforcement of leases, are considered transitory.

■ We therefore conclude that the plaintiff's action to recover various types of damages caused by the defendant's alleged breaches of the two leases and its fraudulent misrepresentations and to adjudicate the respective rights of the parties under the leases would be characterized as transitory under both Illinois and federal law. The federal venue provisions of 28 U.S.C. § 1391(c) therefore apply, and venue is proper in the Northern District of Illinois.

Finally, we turn to the exception we have noted above involving the plaintiff's attempt to recover treble damages under the Nebraska and Montana statutes. From the face of the complaint, it appears that the prayer for this relief is based upon alleged injuries to the plaintiff's land caused by the defendant's trespass, which would have occurred if the district court should void the options to renew and therefore the leases as well. Such an action for monetary damages for injury to land caused by trespass has been treated as an exception to the general rule favoring characterization as transitory actions which we have discussed. In this situation, the court in which the action is brought may be required to have *in rem* jurisdiction over the land affected, even though, if that court does not also have *in personam* jurisdiction over the defendant, the plaintiff is left without a remedy.

The rule governing this exception entered American jurisprudence from earlier English law in *Livingston v. Jefferson*, 15 Fed.Cas. 660, No. 8,411 (C.C.D.Va.1811), a decision authored by Chief Justice John Marshall riding circuit. That case involved a suit by a landowner in Louisiana against former President Jefferson for injuries caused to his land when a federal marshal, acting upon Jefferson's order while president, ejected Livingston from his land. Justice Marshall acknowledged the well-settled rule that actions based in contract and tort, even if requiring the court to act upon the land, could be brought wherever the court had *in personam* jurisdiction over the defendant. He also recognized that adoption of the English rule which excepted actions based in trespass would often work an injustice upon the plaintiff by denying a remedy.

It is admitted, that on a contract respecting lands, an action is sustainable wherever the defendant may be found: yet, in such a case, every difficulty may occur which presents itself in an action of trespass.... [Y]et these difficulties have not prevailed against the jurisdiction of the court. They have been countervailed, and more than countervailed by the opposing consideration, that if the action be disallowed, the injured party

---

**4.** In his first opinion in this case, Judge Marshall found that venue was proper saying that as we read plaintiff's responsive memorandum, it does not seek to have us adjudicate either party's title or right of possession to the land in question. Rather, plaintiff seeks only a determination that defendant has breached its contractual obligations under the lease and

must compensate plaintiff for its losses due to the breaches.

*Musicus, Inc. v. Safeway Stores, Inc.,* No. 82 C 2726, slip op. at 1–2 (N.D.Ill. Dec. 21, 1982). Despite the changes in plaintiff's complaint, this statement remains applicable to the complaint as it is currently phrased.

may have a clear right without a remedy in a case where the person who has done the wrong, and who ought to make the compensation, is within the power of the court.

*Id.* at 664. Justice Marshall nevertheless held that Livingston's action to recover damages for Jefferson's alleged trespass was *in rem* and therefore could only be brought in Louisiana.[5]

This exception involving actions based in trespass has been generally followed, although also generally criticized, in subsequent cases. *See, e.g., Ellenwood v. Marietta Chair Co.,* 158 U.S. 105, 108, 15 S.Ct. 771, 772, 39 L.Ed. 913 (1895); *Pasos v. Pan American Airways,* 229 F.2d 271 (2nd Cir. 1956) ("Marshall doctrine" works a severe hardship on plaintiff but cannot be discarded because of precedent). *See also* Annot., 113 A.L.R. 940 (1938). Louisiana and some common law jurisdictions have, however, rejected this doctrine. *See Holmes v. Barclay,* 4 La.Ann. 63 (1849); *Little v. Chicago, St. Paul, Minneapolis and Omaha Railway Co.,* 65 Minn. 48, 52–53, 67 N.W. 846, 846–48 (1896) (limiting state venue statute to property located within state; action concerning property located outside the state can be brought in any district in the state); *Peyton v. Desmond,* 129 F. 1, 4 (8th Cir.1904) (applying Minnesota state law); *Reasor-Hill Corp. v. Harrison,* 220 Ark. 521, 249 S.W.2d 994, 995–96 (1952) (expressly rejecting the *Livingston* doctrine); *St. Louis Smelting & Refining Co. v. Hoban,* 357 Mo. 436, 209 S.W.2d 119, 123–24 (1948); *Great Falls Manufacturing Co. v. Worster,* 23 N.H. 462, 465–70 (1851) (New Hampshire court of equity can enjoin its citizen from committing acts of trespass to land in Maine). New York rejected the *Livingston* doctrine by enacting a statute which specifically allows its courts to hear suits based on injury to land outside the state whenever a comparable action involving personal property outside the state could be maintained. McKinney's New York Real Property Actions and Proceedings Law, § 121.

Illinois courts have apparently not directly addressed the issues raised by the *Livingston* doctrine. However, in *Alexander v. Tolleston Club of Chicago,* 110 Ill. 65, 77–78 (1884), the Illinois Supreme Court held that an Illinois court had jurisdiction to enjoin trespass to land located in Indiana because the controversy actually involved the construction of a lease. The fact that the court had *in personam* jurisdiction of the defendant enabled the court to issue an injunction requiring the defendant to act in conformance with the terms of the lease. This decision provides a parallel to the case before us, in which the construction of lease terms is primary and the issue of trespass is secondary to the contract question.

**5.** In *Mostyn v. Fabrigas,* 1 Cowp. 161, 98 Eng. Rep. 1021 (K.B.1774), Lord Mansfield held that an action for trespass and false imprisonment, which had occurred in Minorca, was transitory and could be brought in England. In so doing, he equated local and transitory actions with, respectively, *in rem* and *in personam* jurisdiction and criticized the rule that actions alleging injury caused by trespass to land were to be characterized as local. However, in *Doulson v. Matthews,* 4 Term Rep. 503, 504, 98 Eng.Rep. 1143, 1144 (K.B.1792), Lord Kenyon held that an action for trespass to land in Canada could not be brought in England and thus refused to depart from the well-established English precedents, despite Lord Mansfield's dictum urging that such precedent be discarded. Chief Justice Marshall adopted the same course in *Livingston v. Jefferson* when he rejected Lord Mansfield's reasoning, despite acknowledging its correctness, because he felt bound by English precedent.

However, the application of this rule is very different in the United States from its application in England. In England, there is service of process throughout the country and so a plaintiff is not denied an opportunity to prove a claim because of inability to achieve both personal jurisdiction and proper venue within the same county or district. Straight application of the doctrine in American jurisprudence can result in an injustice when, as in *Livingston v. Jefferson,* it prevents the plaintiff from suing the defendant altogether. The only actions which operation of the doctrine bars in England are those alleging trespass to lands in foreign countries, and one may well imagine that there are other sound reasons of policy for limiting the ability to bring such suits. *See also Little v. Chicago, St. Paul, Minneapolis & Omaha Railroad Co.,* 65 Minn. 48, 52–53, 67 N.W. 846, 846–48 (1896).

The facts of the case before us appear to differ significantly from those presented in *Livingston* and from those in many of the cases which follow it. Here, the plaintiff has joined a request for money damages based on injuries caused by trespass with several other requests for damages based on breach of contract and fraud. There is no question that, as we have noted, the federal courts sitting in Illinois can grant these latter types of relief. Except for the somewhat questionable rule applied in *Livingston*, damages caused by an alleged trespass could without doubt be recovered in the same action with contract and fraud damages. Although it may not be true in the specific situation before us, application of the *Livingston* doctrine can bar an action against a defendant, even one who has clearly committed a wrong, and result in a significant injustice. In addition, judicial economy would be defeated by requiring the plaintiff to pursue the trespass aspect of its action, which is in all significant respects identical to the other elements, in two separate actions—one in Nebraska and one in Montana—in addition to the action in federal court in Illinois. It would surely also be contrary to the policy of Illinois to prevent its citizens from pursuing such an action in their own state, when the basic requirement of jurisdiction is satisfied. It is also contrary to the purposes of federal diversity jurisdiction to require a plaintiff in these circumstances to pursue the same action in three different proceedings. Finally, we cannot ignore the criticisms of the *Livingston* doctrine, voiced both by its author and by others. *See also* n. 5 *supra*. We therefore hold that, at least in a case such as this one, in which the suit for damages based on injury caused by trespass is joined in the same action with requests for damages based on breach of contract and fraud, the entire action may be brought in a single proceeding.[6]

Venue is therefore proper in the Northern District of Illinois for the plaintiff to bring this suit based on breach of contract, fraud and injury to land arising from trespass. Although this action may have an indirect effect upon lands lying outside the jurisdiction of the district court, the action is transitory in nature and the court is required only to have *in personam* jurisdiction over the defendant. Because the venue provisions of the federal statute, 28 U.S.C. § 1391, are otherwise satisfied, venue in the court appealed from is proper. The dismissal of the action is reversed and the case is remanded for further proceedings not inconsistent with this opinion. Circuit Rule 18 shall apply to this case upon remand.

---

**6.** In *Ellenwood v. Marietta Chair Co.,* 158 U.S. 105, 15 S.Ct. 771, 39 L.Ed. 913 (1895), the Supreme Court applied the *Livingston* doctrine to a case in which the plaintiff alleged both trespass to land and conversion of personal property. While conceding that the latter was a transitory action, the Court concluded that the former was local. Because the Court determined that the trespass was the principal issue and the conversion was purely incidental to the trespass, the entire action was therefore considered local in nature. We may easily distinguish our case from *Ellenwood* because, in the present case, the primary issue is the respective contractual rights of the parties under the leases; the issue of a trespass is, in fact, incidental and depends entirely on the resolution of the lease construction issues.