Mark W. ELY, as Guardian of the Persons of Juanita M. Southard and Charles E. Southard and Conservator of Their Individual Estates, Plaintiff,

v.

Howard J. SMITH and Viola I. Smith, Defendants.

Civ. A. No. 90–2248–O.

United States District Court, D. Kansas.

May 7, 1991.

David M. Rhodus, Thomas J. Daly, Craft, Fridkin & Rhyne, Kansas City, Kan., for plaintiff.

Louis A. Huber, III, Mark F. Krause, Smith, Gill, Fisher & Butts, Kansas City, Mo., Frank W. Lipsman, Smith, Gill, Fisher & Butts, Overland Park, Kan., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on defendants' motion for judgment on the pleadings. Plaintiff Mark W. Ely filed this action as guardian of the persons of Juanita M. Southard and Charles E. Southard and conservator of their individual estates, seeking to set aside the conveyance by the Southards to defendants Howard J. Smith and Viola I. Smith of real property located in Alfalfa County, Oklahoma, on the grounds that the Southards were incompetent at the time of the conveyance. Defendants, contending the action is local and must be brought in the district where the property is located, move for judgment on the pleadings on the grounds of lack of jurisdiction and improper venue. For the following reasons, the court denies defendants' motion.

■ The leading case establishing the local action doctrine is Chief Justice Marshall's 1811 decision in *Livingston v. Jefferson*, 15 Fed.Cas. No. 8411, p. 660 (C.C.D. Va.1811). That case involved a suit brought in Virginia federal court by Edward Livingston against former president Thomas Jefferson for alleged trespass to land in Louisiana.[1] In dismissing the ac-

---

1. While president, Thomas Jefferson had or-  dered United States marshals to eject Livingston

tion on the grounds that the trespass was a local Louisiana action which could not be heard in Virginia, Marshall stated that "actions are deemed transitory, where transactions on which they are founded might have taken place anywhere; but are local where their cause is in its nature necessarily local." 15 Fed.Cas. No. 8411, at p. 664. *See generally* 15 Wright, Miller & Cooper, *Federal Practice and Procedure*, § 1822, p. 128 (1976). Stated another way, local actions are essentially *in rem* and may only be prosecuted "where the thing on which they are founded is situated." *Id.* at 127 (quoting *Casey v. Adams*, 102 U.S. 66, 67–68, 26 L.Ed. 52 (1880)).

■■■ Today, under federal law, the true distinction between a local action and a transitory action is the distinction between an action *in rem* and one *in personam*. *Raphael J. Musicus, Inc. v. Safeway Stores, Inc.*, 743 F.2d 503, 506 (7th Cir. 1984) (citations omitted). The character of the relief sought is generally determinative. If a plaintiff seeks relief as to the property which requires the court to have jurisdiction over the *res* to grant the relief, then the action is *in rem* and local. However, in a transitory action, the plaintiff seeks relief in the form of a personal judgment against the defendant; thus, the action may be brought before any court having subject matter jurisdiction and *in personam* jurisdiction over the defendant. *Id.* at 506–07. Similarly, under Kansas law, whether a cause of action is deemed to be local or transitory depends on the pleadings and relief sought. Where the decree

sought would act upon the person of the defendant, rather than upon the real property, the location of the land indirectly affected is immaterial and the action is considered to be transitory. *Farha v. Signal Companies, Inc.*, 216 Kan. 471, 475–76, 532 P.2d 1330 (1975).[2]

The complaint in the instant case alleges that, at the time the Southards executed and delivered the deed to the Smiths, they "were each of unsound mind to such an extent as to be wholly incapable of transacting business or understanding the nature of their acts." Plaintiff also claims that the Smiths (1) knew that the Southards were "of unsound mind, mentally incapable of knowing the extent of their property or understanding the nature of their act of signing said deed"; (2) "took advantage of their knowledge of the Southards incapacity"; and (3) "[procured] the conveyance of the real estate ... solely because of the incapacity of the Southards." With respect to relief, plaintiff requests the court to (1) set aside the deed and declare it null and void; (2) order defendants to issue a quit claim deed reconveying the real estate to the Southards; (3) restrain defendants from conveying, transferring, assigning, mortgaging or otherwise disposing of or encumbering the real estate; and (4) order defendants to account to the Southards for any rents, profits and income received from the property.

■■■ Essentially, then, plaintiff seeks to set aside the conveyance of the Oklahoma land on the grounds of bad faith conduct

and his laborers from land in Louisiana. Although Livingston held legal title to the land, Jefferson believed the land belonged to the nation. After Jefferson's term expired, Livingston brought suit in federal court in Virginia, where Jefferson resided, claiming damages of $100,000 as a result of an alleged trespass to land. *See* 15 Wright, Miller & Cooper, *Federal Practice and Procedure, supra* at 125.

**2.** The federal venue statutes, 28 U.S.C. §§ 1391 and 1392, do not define the concepts "local" or "transitory." As a result, there exists a split of authority with respect to whether federal or state law is the proper reference point for a interpretation of the federal venue statute. *Musicus, supra,* 743 F.2d at 506. However, it appears to be the majority rule that to determine

whether the local action doctrine is applicable to a particular case, the court must look to the law of the forum state. *See, e.g., Tcherepnin v. Franz,* 439 F.Supp. 1340 (N.D.Ill.1977); *Central Transport, Inc. v. Theurer, Inc.,* 430 F.Supp. 1076 (E.D.Mich.1977).

In practice, whether federal or state decisions provide the reference point, the result, as in the instant case, is generally the same. *See generally* 15 Wright, Miller & Cooper *Federal Practice and Procedure,* § 3822, at 208–09 ("Fortunately the difference [in applying federal or state decisions to determine the character of an action as local or transitory] is not of great practical importance, for in most instances state law has developed in accordance with the federal decisions.") (citing federal court decisions).

by the defendants sufficient to void the conveyance. The court finds this action analogous to actions seeking to set aside conveyances of land based on fraud, which have generally been held to be transitory, even when the ultimate disposition of the case affected real property in some manner. For example, in *Raphael J. Musicus, Inc. v. Safeway Stores, Inc., supra,* the court had to decide whether plaintiff's claims of breach of contract, fraud, and trespass, all based on the interpretation of a lease, should be characterized as a local or transitory action for venue purposes.[3]

Holding the action to be transitory, the court relied upon language in *Massie v. Watts,* 6 Cranch. 148, 3 L.Ed. 181 (1810), where the plaintiff alleged the defendant/surveyor had wrongfully misappropriated plaintiff's land. In holding that the suit to recover the Ohio land was transitory in nature, the *Massie* court stated:

> Where the defendant ... is liable to the plaintiff, either in consequence of contract, or as trustee, *or as the holder of a legal title acquired by any species of mala fides practiced on the plaintiff,* the principles of equity give a court jurisdiction wherever the person may be found, and the circumstance, that a question of title may be involved in the inquiry, and may even constitute the essential point on which the case depends, does not seem sufficient to arrest that jurisdiction.

> •    •    •    •    •

> This court is of the opinion that, in a case of fraud, or trust, or of contract, the jurisdiction of a court of chancery is sustainable wherever the person be found,

> although lands not within the jurisdiction may be affected by the decree.

*Musicus, supra,* at 507, (quoting 6 Cranch. at 158–60, 3 L.Ed. 181) (emphasis supplied).

As the *Musicus* court then noted, these principles have been followed by both federal and state courts and generally have been applied to cases involving fraudulent conveyances of both real and personal property. *See, e.g., Sax v. Sax,* 294 F.2d 133, 136–37 (5th Cir.1961) (suit to undo alleged fraudulent conveyance of property is transitory and may be brought in district court in Florida, although the *res* was located in Illinois); *Firestone v. Galbreath,* 722 F.Supp. 1020 (S.D.N.Y.1989) (suit seeking, *inter alia,* a court order declaring the alleged fraudulent conveyance void and an order reconveying the property held not to be local); *Tcherepnin v. Franz,* 439 F.Supp. 1340, 1345 (N.D.Ill.1977) (suit to set aside a fraudulent conveyance of land is transitory since a personal judgment is sought); *Blackhurst v. James,* 304 Ill. 586, 592–97, 136 N.E. 754, 757 (1922) (suit to set aside conveyance of land pursuant to a will on grounds that defendant had unduly influenced the testator is transitory).[4] *See also Farha v. Signal Companies, supra,* 216 Kan. at 476, 532 P.2d 1330.

The rationale behind these decisions was succinctly stated in *Sax v. Sax, supra:*

> "The complaint does not ask the Court to exercise dominion over any property ... [I]t merely seeks to have the Court, utilizing its equitable powers, compel a person to undo a fraudulent conveyance of property. The party charged with perpetrating the fraud, and the party acquiescing and benefiting by the fraud are each before the Court. To grant the request-

---

**3.** In *Musicus,* the plaintiff sought monetary damages, but also asked the court to void the leases and issue an injunction to restrain a threatened breach of another lease.

**4.** Courts have applied these principles to hold other actions involving real property to be transitory, such as actions for specific performance of a contract to convey land (except when the court decree would itself operate as a conveyance of the property.) *See, e.g., Municipal Inv. Co. v. Gardiner,* 62 F. 954, 956 (C.C.D.Ind. 1894) (suit to enforce a contract for the conveyance of land). *See also Dan Cohen Realty Co. v. National Savings & Trust Co.,* 125 F.2d 288,

289–90 (6th Cir.1942) (suit to enforce a lease or other contract to convey land); *Miller & Lux, Inc. v. Nickel,* 149 F.Supp. 463, 466–67 (N.D.Cal. 1957) (suit to enforce a constructive trust upon property); *Bevans v. Murray,* 251 Ill. 603, 96 N.E. 546 (1911) (suit to construe a deed to land).

These cases, as well as the cases involving fraudulent conveyances of property, have been distinguished from traditionally local claims such as trespass to land, actions to quiet or try title, to abate a nuisance or to determine the validity of an oil lease. *See* 15 Wright, Miller & Cooper, *Federal Practice and Procedure,* § 1822, p. 130–31.

ed relief the Court would merely be required to declare as to the parties before it that the agreement between them is invalid because of fraud and then through coercive sanctions against the guilty parties compel them to take suitable action."

*Sax v. Sax, supra,* 294 F.2d at 136–37.

Applying this rationale to the instant case, the court finds that, here, as in the above-cited cases (1) the gravamen of the complaint is the alleged bad faith action of the defendants and (2) the relief sought does not require the court to exercise dominion over the property, but rather requests the court to act indirectly upon the property by "employing appropriate sanctions and otherwise 'coercing' the defendants." *Musicus, supra,* 743 F.2d at 508. Therefore, because the court finds this action may only have an indirect affect upon property lying outside the jurisdiction of this court, the court concludes the action is transitory, requiring the court to have only *in personam* jurisdiction over the defendants. Accordingly, and because venue is otherwise proper pursuant to 28 U.S.C. § 1391, the court denies defendants' motion to dismiss.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. # 7) is denied.