VIRGIL H. EACHUS, Plaintiff in Error, *v.* THE TRUSTEES OF THE ILLINOIS AND MICHIGAN CANAL, Defendants in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

An action for flooding lands is local, and must be brought within the jurisdiction where the lands lie.

THIS action was brought in the Cook county Court of Common Pleas, to recover damages for backwater, resulting from a dam erected in Will county for the purpose of feeding the Illinois and Michigan canal with the water of Calumet river.

The land injured is alleged to be in Lake county, Indiana,

and was the property of Mary Eachus, the mother of this plaintiff, who claims damages as her heir at law.

To the declaration a general and special demurrer to each count was filed, and the demurrer sustained in the court below, and from that decision this writ of error is brought. The demurrers were heard by J. M. WILSON, Judge, at September term, 1854.

E. W. TRACEY, for Plaintiff in Error.

I. N. ARNOLD, for Defendants in Error.

SCATES, C. J. The plaintiff complains in case for flooding his lands in Indiana, in the lifetime of his mother, and continuing the same since her decease and their descent to him, by the erection of a dam upon the Calumet river to his damage $2,500. Objections were taken by demurrer, which was sustained, to the right to sustain an action in Cook county and the direction of a summons to Will county, where defendants keep the office of canal trustees, and to the right to maintain suit in Illinois for injuries to real estate in Indiana.

Without discussing the former objection, we are clearly of opinion that the cause of action, and consequently the action itself, is of the class denominated local, and that the courts of the State, within whose jurisdiction the lands lie, can alone take jurisdiction of it at the common law. We conceive that there can be no distinction in this respect, whether the remedy be in trespass, case, or ejectment. And so it has been held in actions of debt or covenant for rent, brought against the assignee of the term, where the liability is to be fixed by showing a privity of estate; while at the same time actions of debt or covenants for rent, founded on privity of contract, are transitory, (see 1 Bacon's Ab. Actions, Local and Transitory, A. 79, 80); and so is debt for use and occupation. This is a well settled general rule at the common law, that every action founded upon a local thing shall be brought in the county where the cause of action arises, for there it can be best tried. For examples in many cases see 1 Comyn's Dig. Action, (N. 4) (N. 5) (N. 6) pp. 251 to 254.

Thus an action upon the case for a nuisance to land is local. *Warren* v. *Webb*, 1 Taunt. R. 379; *Company of Mersey & Irwell Navigation* v. *Douglass et al.*, 1 East R. 560.

So is trespass for entering a house in Canada; and in *Daulson* v. *Matthews et al.*, 4 Term R. 500, the court overruled Lord Mansfield's dictum to the contrary in *Mostyn* v. *Fabrigas*, 1 Cowp. R. 161, and that without any allegation or averment that there were no courts in Canada having jurisdiction of the mat-

ter. Lord Mansfield had cited and approved in that case several cases where settlers' houses in Nova Scotia, and fishing huts on the coast of Labrador, had been pulled down by order of the Admirals on these stations, for which damages had been recovered before him. Eyre, C. J., he says, had overruled a similar objection; and so he did upon the ground that the reparation here was personal and for damages, and otherwise there would (or might) be a failure of justice, in a country without courts, as amongst the Esquimaux Indians, and in cases where the defendant does not or will not return into the locality again, where he might be sued. It is observable that in *Mostyn* v. *Fabrigas*, the cause of action, false imprisonment, was transitory—not calling for a decision upon this point—and what is said is *arguendo* upon an objection to the jurisdiction in England for false imprisonment, in the island of Minorca, of a native, by the governor, acting as such. A case was referred to in argument between Skinner and the East India Company, referred by the council board to the twelve judges, where the agents of the company had assaulted his person, seized his warehouse and carried away his goods, and took and possessed themselves of the island of Baretha, which he had purchased. The question propounded was, whether Mr. Skinner could have full relief in any ordinary court of law? The judges answered that the courts could give relief for taking away and spoiling his ship, goods and papers, and assaulting and wounding his person, notwithstanding these were done beyond the seas. But that as to the detaining and possessing of the house and island, he is not relievable in any ordinary court of justice.

The same considerations upon which *Mostyn* v. *Fabrigas* was ruled, namely, that the satisfaction was in damages, and that there might be a failure of justice, were urged in argument in *Daulson* v. *Matthews et al.,* in support of the jurisdiction as of a transitory cause of action. But Lord Kenyon said, the contrary had been held in a case in the Common Pleas, and Justice Buller said it was too late for us to inquire, whether it were wise or politic to make a distinction between transitory and local actions; it is sufficient for the courts that the law has settled the distinction, and that an action *quare clausum fregit* is local. See also *Shelling* v. *Farmer*, 1 Strange R. 646.

I have referred more at length to these cases, because *Mostyn* v. *Fabrigas* is the principal case which supports the jurisdiction; and *Daulson* v. *Matthews et al.,* has been received as fully overruling that dictum, and settling the contrary rule as law. See notes to 1 Smith Lead. Cas. 590, 18 Law Lib., and 1 Brockenb. R. 203, *Livingston* v. *Jefferson*, where Chief Justice Marshall decided that the Circuit Court of the United States for Virginia,

had no jurisdiction of a trespass committed upon plaintiff by removing him from the Batture, in the city of New Orleans, though the same grounds, of a recovery of damages and a failure of justice, were urged in support of it. Judge Story, after review of the decisions, sums up with the same conclusion. Story Confl. Laws, Sec. 554.

In New York, the Supreme Court in *Watts* v. *Kinney*, 23 Wend. R. 484, and the Court of Errors in the same case, 6 Hill R. 82, in a case very like this before us, brought in New York city, for cutting a ditch, and so injuring a water power, and disturbing a way on lands in New Jersey, the same want of jurisdiction was affirmed; and again in *Graves et al.* v. *McKean*, 2 Denio R. 639, while the jurisdiction of a justice of the peace was sustained upon a statute.

In *Hunt and Wife* v. *Town of Pownal*, 9 Vermont R. 411, it was contended that an action for injuries, occasioned by want of repairs of a highway, was local to the place of injury, but the court held otherwise, taking a distinction between injuries occasioned by doing certain acts, and those resulting from neglect to do; the neglect to repair is not local, so far as civil remedy is concerned. The same distinction is adverted to in *Titus* v. *Inhabitants of Frankfort*, 15 Maine R. 98, and was taken in *Grimstone* v. *Molineaux et al.*, Hobart R. 251. The case in Maine sustained the jurisdiction upon a statute. And so it was in *Sumner* v. *Finegan*, 15 Mass. R. 280.

In Ohio all distinctions between local and transitory actions, is done away by construction of their statutes; and so an action for rent, against the assignee of the term, will lie out of the county where the demised premises are situate. *Genin* v. *Grier*, 10 Ohio R. 209.

It cannot, in any sense, be said to impair or weaken this principle of jurisdiction in courts at law, by showing that courts of equity will exercise jurisdiction over the *persons* of defendants, within their jurisdiction, by attachment to compel the execution of their decrees respecting boundaries, or conveyances, or delivery up of deeds or contracts, concerning lands in foreign countries, where the bill is predicated upon articles of agreement between the parties, or are for the specific enforcement or cancellation of express contracts. *Penn* v. *Lord Baltimore*, 1 Ves. Jr. R. 444; Anonymous, 1 Salk. R. 404, S. C. in 2 Vern. 494, by name of *Toller* v. *Curteret; Arglasse* v. *Muschamp*, 1 Vern. R. 75 and 135; *Tullock* v. *Hartley*, 1 Younge and Colby R. 114, (20 Eng. Ch. R. 113;) *Guerrant* v. *Fowler et al.*, 1 Henning and Munf. R. 5; *Mitchell* v. *Bunch*, 2 Paige R. 606 *Ward* v. *Arredondo et al.*, 1 Hopkins R. 213. See also

*Austin's Heirs* v. *Bodley*, 4 Monroe R. 434; *Williams* v. *Burnett*, 6 Monroe R. 322.

There are many other cases supported by other distinctions, supporting the jurisdiction to afford relief in cases incidentally growing out of, touching or concerning, lands and things local, but I deem it unnecessary to pursue them further, having discussed those most applicable, pointed, and bearing the strongest analogy to the one before us.

Whatever defect there may be thought to be in the administration of justice, in finding a wrong without a remedy, it is a case for legislative, and not judicial, correction and amendment.

Whatever may be the effect of our statute, in destroying the distinction of local and transitory actions, which we do not construe in this case, we think causes arising extra-territorially, and of a local character at the common law, were not within the view of the legislature in passing this act.

*Judgment affirmed.*