**Blanca KAVOURAS, Plaintiff,**

v.

**Ricardo FERNANDEZ, et al.,
Defendants.**

No. 89 C 8652.

United States District Court,
N.D. Illinois, E.D.

Nov. 27, 1989.

Blanca Kavouras, pro se.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Blanca Kavouras ("Kavouras") has just filed what appears to be a self-prepared "Complaint for Foreclosure and Fraudulent Conveyance" against five individual defendants. Based on its initial review of Kavouras' Complaint,[1] this Court sua sponte dismisses both the Complaint and this action for lack of subject matter jurisdiction.

Complaint ¶ 1 says federal jurisdiction exists under 28 U.S.C. § 1332[2] (diversity of citizenship), and Complaint ¶ 4(K)(2) satisfies the $50,000 jurisdictional amount requirement. But Kavouras has said not a word about either her citizenship or that of any of the defendants.[3]

That pleading defect deprives this Court of independent subject matter jurisdiction over this action, for federal courts can deal with cases only as Congress specifies (see Sections 1332(a) and (c)) and as a plaintiff's express allegations bring the case within those specifications. See, e.g., 5 Wright & Miller, *Federal Practice and Procedure: Civil* § 1208, at 85 & n. 96, and cases there cited (1969 ed. and 1989 supp.); 13 B Wright, Miller, & Cooper, *Federal Practice and Procedure: Civil* § 3611, at 516–18 & nn. 27–29, and cases there cited (1984 ed. and 1989 pocket part). Federal jurisdiction cannot be based on surmise or guesswork.

Ordinarily this Court, when confronted with what might be perceived as an inadvertent and likely curable defect of this nature, will dismiss the complaint (as it must do) but will simultaneously grant leave to file an amendment to cure the defect within a reasonable time (see Section 1653). In this case, however, still another fundamental jurisdictional problem counsels outright dismissal without such an opportunity to cure.

Complaint ¶ 4(I) and (J) disclose the mortgaged property is in Ladysmith,

---

1. This Court always undertakes an immediate review of newly-filed complaints; see *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir.1986):
   The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

2. All further references to Title 28's provisions will simply take the form "Section—."

3. In signing the Complaint, Kavouras lists her address as 5970 South Archer, Chicago, Illinois 60638. But that presumably identifies her residence, and residence is of course not necessarily synonymous with citizenship (the relevant fact for diversity purposes). And again the Complaint is silent even in that respect as to all five defendants. If this were merely a procedural flaw, curable by repleading, Kavouras would have to specify the state of citizenship of each of the six parties. But as the ensuing textual discussion reflects, no such "cure" would affect the fatal disease that afflicts Kavouras' lawsuit in this District Court.

Rusk County, Wisconsin. It has long been understood that mortgage foreclosure actions are classic examples of what have historically been characterized as "local" as contrasted with "transitory" actions (15 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3822, at 209 & n. 29 (2d ed. 1986) and cases cited there)—and federal jurisdiction over local actions involving real property exists *only* within the territorial boundaries of the state where the land is located (*Hayes v. Gulf Oil Corp.*, 821 F.2d 285, 287 (5th Cir.1987)). Even though Wright, Miller and Cooper, *id.* at 206 says "[i]t is not clear whether the distinction between local and transitory actions runs to the jurisdiction or the venue of the federal court," this Court agrees with *Hayes*, 821 F.2d at 290–91 that the limitation is truly jurisdictional. To hold that the limitation is merely one of venue and hence waivable would place this Court in the untenable position of purporting to affect real estate title records in Wisconsin, purporting to require local officials there (over whom this Court clearly has no jurisdiction) to conduct a foreclosure sale or record its results—and it is scarcely necessary to extend the list of intolerable consequences.[4]

Although the choice makes no difference in the ultimate result, this Court has (as suggested by 15 Wright, Miller & Cooper § 3822, at 207 & n. 22) proceeded on the basis that characterization of an action as local or transitory is a matter of *federal* rather than *state* law. That view harks back to the decision of Chief Justice John Marshall, sitting on Circuit in the famous case of *Livingston v. Jefferson*, 15 F. Cas. 660, 665 (C.C.D.Va.1811) (No. 8411). Even though that is the clear thrust of Chief Justice Marshall's statement in *Livingston,* a misreading of his opinion in a later Supreme Court (!) dictum, *Huntington v. Attrill,* 146 U.S. 657, 669–70, 13 S.Ct. 224, 228–29, 36 L.Ed. 1123 (1892) has caused a number of courts to look to state law instead (see the discussion of this subject in *Hayes,* 821 F.2d at 287–88).

But as already stated, that makes not the slightest difference here. Even if this Court were required to look to the law of the forum in determining jurisdiction, the result would be identical. It has been established law in Illinois for nearly a century and a half that an action pertaining to lands that is "local" (in the legal sense) in its nature must be brought within the jurisdiction where the lands lie (*Eachus v. Trustees of Illinois & Michigan Canal,* 17 Ill. 534 (1856), citing (*id.* at 536), among numerous other authorities, Chief Justice Marshall's opinion in *Livingston;* accord, *United Biscuit Co. of America v. Voss Truck Lines, Inc.,* 407 Ill. 488, 502, 95 N.E.2d 439, 446 (1950)).

Accordingly this Court lacks subject matter jurisdiction over Kavouras' action to foreclose her mortgage on Wisconsin real estate. Both the Complaint and this action are dismissed for that reason.

---

**4.** Moreover, even if the matter were viewed as one of venue rather than jurisdiction, the non-dismissal of this action now would only post-

pone the inevitable transfer of this action to the situs of the mortgaged real estate.