Ronald **VAN BEEK** and Janet Van Beek, Plaintiffs,

v.

Dusan **NINKOV** and Zora Ninkov, Defendants.

Van Beek Global/Ninkov, L.L.C., and R & J Van Beek, L.L.C., Plaintiffs,

v.

Dusan Ninkov, Defendant.

Nos. C 03–4014–MWB, C 03–4017–MWB.

United States District Court, N.D. Iowa, Western Division.

June 2, 2003.

MEMORANDUM OPINION AND OR-
DER REGARDING DEFEN-
DANT'S MOTION TO DISMISS,
STAY OR TRANSFER

MEMORANDUM OPINION AND OR-
DER REGARDING PLAINTIFF'S
MOTION TO REMAND AND DE-
FENDANT'S MOTION TO DIS-
MISS, STAY OR TRANSFER

BENNETT, Chief Judge.

## TABLE OF CONTENTS

I. INTRODUCTION AND BACKGROUND ................................... 1039

II. LEGAL ANALYSIS ................................................. 1040
 A. The Iowa Case ............................................... 1040
 1. Standards And Procedures Of Removal Jurisdiction ................. 1040
 2. Complete Diversity ........................................... 1041
 B. The Federal Case ............................................ 1043
 1. The Local Action Rule ....................................... 1043
 2. Determination If Claims Here Are Local Or Transitory .............. 1045

III. CONCLUSION ................................................... 1046

## I. INTRODUCTION AND BACKGROUND

On February 13, 2003, plaintiffs Ronald Van Beek and Janet Van Beek filed a complaint in this court (Case No. C03–4014–MWB) against Dusan Ninkov and Zora Ninkov ("the Federal Case"). In the Federal Case, the Van Beeks assert state common law claims against the Ninkovs for breach of contract, fraudulent misrepresentation, and failure of consideration. The Van Beeks' claims all pertain to promises and contracts made by Dusan Ninkov that he would transfer certain interests in patents in exchange for the Van Beeks transferring title in a house in San Diego, California that they owned. The Van Beeks assert that while they deeded the California property to the Ninkovs, Dusan Ninkov failed to transfer the patent rights. The Van Beeks seek a declaratory judgment that the transfer of the California property was null and void and request injunctive relief requiring the Ninkovs to transfer title to the California property back to the Van Beeks.

On February 13, 2003, plaintiffs Van Beek Global/Ninkov L.L.C. ("VBGN") and R & J Van Beek, L.L.C. filed a petition in Iowa District Court for Sioux County against defendant Dusan Ninkov ("the Iowa Case"). On March 14, 2003, defendant Ninkov removed the Iowa Case to this court (Case No. C03–4017–MWB), pursuant to 28 U.S.C. § 1441, alleging jurisdiction based on complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(a). Plaintiff VBGN is a limited liability company having its principal place of business in Orange City, Iowa, and has two members: Dusan Ninkov and R & J Van Beek, L.L.C. R & J Van Beek, L.L.C. is a limited liability company with two members: Ronald Van Beek and Janet Van Beek. In the Iowa Case, plaintiffs assert state common law claims against defendant Ninkov for breach of contract, fraudulent misrepresentation, negligent misrepresentation and breach of fiduciary duty. Plaintiffs allege that Ninkov breached obligations under the VBGN L.L.C. agreement by failing to make certain required capital contributions to VBGN, by overstating the value of assets he contributed to VBGN, by maintaining an interest in a competitor of VBGN, and by failing to maintain the confidentiality of VBGN information. Plaintiffs further contend that Ninkov breached an employment agreement by maintaining an interest in a competitor of VBGN, and by failing to maintain the confidentiality of VBGN information. Plaintiffs also allege that Ninkov breached an agreement to transfer his interest in VBGN to the Van Beeks. Plaintiffs also contend that Ninkov fraudulently and negligently misrepresented the availability and value of assets he contributed or was required to contribute to VBGN, the existence of patentable inventions, and his severance from his former company in the Netherlands. Finally, plaintiffs contend that Ninkov breached certain fiduciary duties he owed to VBGN and it members.

On January 16, 2003, before either the Iowa Case or the Federal Case was filed, Dusan Ninkov filed a complaint in California Superior Court for San Diego County against defendants VBGN, R & J Van Beek, L.L.C., Ronald Van Beek, and 50 John Doe defendants ("the California Case"). In the California Case, Ninkov alleges claims for breach of contract related to his employment agreement and VBGN's Limited Liability Corporation Agreement, breach of fiduciary duties by Ronald Van Beek, VBGN, and R & J Van Beek, L.L.C. concerning VBGN's Limited Liability Corporation Agreement, and breach of the California unfair business practices statute. Dusan Ninkov also seeks declaratory relief that he and his wife hold title to their house in San Diego

free and clear of an interest by the defendants.

On April 4, 2003, defendants in both the Iowa Case and the Federal Case filed a Pre–Answer Motion To Dismiss, Stay Or Transfer. In the Federal Case, the Ninkovs contend that the Local Action Rule compels dismissal. The Ninkovs alternatively assert that because the California Case was filed before the Federal Case, the Federal Case should be dismissed, stayed or transferred pursuant to the First Filed Rule. The Ninkovs additionally contend that this court should stay the case under the *Colorado River* abstention doctrine. *See Colorado River Water Conserv. Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). The Ninkovs further contend that plaintiffs have failed to plead with the particularity required by Federal Rule of Civil Procedure 9(b). Finally, defendant Zora Ninkov moves to dismiss the complaint for lack of personal jurisdiction. Plaintiffs have filed a timely response to the Ninkovs' Pre–Answer Motion To Dismiss, Stay Or Transfer.

In the Iowa Case, defendant Dusan Ninkov contends that because the California Case was filed before the Iowa Case, the Iowa Case should be dismissed, stayed or transferred pursuant to the First Filed Rule. Ninkov additionally contends that this court should stay the case under the *Colorado River* abstention doctrine. *See Colorado River Water Conserv. Dist.,* 424 U.S. at 817, 96 S.Ct. 1236. Finally, defendant Ninkov contends that plaintiffs have failed to plead with the particularity required by Federal Rule of Civil Procedure 9(b). Plaintiffs have filed a timely response to defendant Ninkov's Pre–Answer Motion To Dismiss, Stay Or Transfer.

On April 14, 2003, plaintiffs in the Iowa Case filed a Motion To Remand, asserting that there is not complete diversity of citizenship between plaintiffs and defendant Dusan Ninkov, and therefore this court does not have jurisdiction pursuant to 28 U.S.C. § 1332(a). Defendant Ninkov has filed a timely response to plaintiffs' Motion To Remand.

On April 21, 2003, plaintiffs in the Federal Case filed a First Amended Complaint. As in the original complaint, the Van Beeks assert state common law claims against the Ninkovs for breach of contract, fraudulent misrepresentation, and failure of consideration. On May 5, 2003, the Ninkovs filed a Motion To Dismiss The First Amended Complaint. In their motion to dismiss, the Ninkovs reassert each of the grounds raised in their Pre–Answer Motion To Dismiss, Stay Or Transfer. Plaintiffs have filed a timely response to the Ninkovs' Motion To Dismiss The First Amended Complaint.

The court held telephonic oral arguments on the parties' pending motions on May 23, 2003. At the oral arguments, plaintiffs Ronald Van Beek, Janet Van Beek, Van Beek Global/Ninkov, L.L.C., and R & J Van Beek, L.L.C. were represented by Dennis W. Johnson and Michael C. Gilchrist of Dorsey & Whitey L.L.P., Des Moines, Iowa. Defendants Dusan Ninkov and Zora Ninkov were represented by Allen E. Fredrigill and Jeff W. Wright of Heidman, Redman, Fredregill, Patterson, Plaza, Dykstra & Prahl, L.L.P., Sioux City, Iowa. The parties have filed comprehensive briefs in support of their respective positions.

## II. LEGAL ANALYSIS

### A. The Iowa Case

#### 1. Standards And Procedures Of Removal Jurisdiction

In *Foslip Pharmaceuticals, Inc. v. Metabolife Int'l, Inc.,* 92 F.Supp.2d 891 (N.D.Iowa 2000), this court summarized the principles of subject matter jurisdic-

tion implicated by removal and remand of cases originally filed in state court, observing that:

> [S]uffice it to say that 28 U.S.C. § 1332 establishes original federal jurisdiction over actions involving "diversity of citizenship"; 28 U.S.C. § 1441(a) provides for removal to federal court of civil actions "of which the district courts of the United States have original jurisdiction"; § 1441(b) provides that actions not founded on a federal question "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"; § 1446 establishes the procedure for removal; and § 1447 establishes the procedures after removal and the procedures for challenging removal for lack of subject matter jurisdiction or other defect. *Farmers Co-op. Elevator, Woden, Iowa v. Doden,* 946 F.Supp. 718, 726 (N.D.Iowa 1996). "[W]here the district court does not have original jurisdiction for want of subject matter jurisdiction, removal is improper and the case must be remanded under the terms of § 1447(c)." *Id.* Furthermore, "[t]he party seeking removal and opposing remand, . . . has the burden of establishing federal subject matter jurisdiction. The court's removal jurisdiction must be strictly construed." *Id.* (citations omitted).

*Foslip Pharmaceuticals, Inc.,* 92 F.Supp.2d at 900–01.

 Prior to *Foslip*, in *McCorkindale v. American Home Assur. Co./A.I.C.,* 909 F.Supp. 646 (N.D.Iowa 1995), this court summarized the principles applicable to a motion to remand as follows: (1) the party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction; (2) a fundamental principle of removal jurisdiction is that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed; (3) lack of subject matter jurisdiction requires remand to the state court under the terms of 28 U.S.C. § 1447(c); (4) the court's removal jurisdiction must be strictly construed; therefore, (5) the district court is required to resolve all doubts about federal jurisdiction in favor of remand; and, finally, (6) in general, remand orders issued under 28 U.S.C. § 1447(c) are not reviewable by appeal or writ of mandamus. *McCorkindale,* 909 F.Supp. at 650; *see also Wells' Dairy, Inc. v. American Indus. Refrigeration, Inc.,* 157 F.Supp.2d 1018, 1041–43 (N.D.Iowa 2001) (reiterating this summary); *Foslip Pharmaceuticals, Inc.,* 92 F.Supp.2d at 901 (quoting *McCorkindale,* 909 F.Supp. at 650); *Halsne v. Liberty Mut. Group,* 40 F.Supp.2d 1087, 1089 (N.D.Iowa 1999) (reiterating the same summary).

### 2. Complete Diversity

Turning to the question of whether the Iowa Case is removable, the court first takes note of the "complete diversity" requirement: "It is, to say the least, well settled that federal diversity jurisdiction requires complete diversity, so that no defendant is a citizen of the same state as any plaintiff." *Walker v. Norwest Corp.,* 108 F.3d 158, 161 (8th Cir.1997) (citing *Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806), and *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373–74, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978)); *see Caudill v. North Am. Media Corp.,* 200 F.3d 914, 916 (6th Cir.2000) ("Section 1332's congressionally conferred diversity jurisdiction has been interpreted to demand complete diversity, that is, that no party share citizenship with any opposing party.").

Plaintiff VBGN is a limited liability company. Limited liability companies are of relative recent origin. *See generally* Thomas E. Geu, *Understanding the Limited Liability Company: A Basic Comparative Primer,* 37 S.D. L.Rev. 44 (1992); Wayne M. Gazur & Neil M. Goff, *Assessing the Limited Liability Company,* 41 Case W. Res. L.Rev. 387 (1991); Susan P. Hamill, *The Limited Liability Company: A Possible Choice for Doing Business?,* 41 Fla. L.Rev. 721 (1989). They seek to blend elements of partnerships and corporations for purposes of management, taxation and limited liability. *See* Steven C. Bahls, *Application of Corporate Law Doctrines To Limited Liability Companies,* 55 Mont. L.Rev. 43, 45 (1994). The first limited liability company statute was enacted by Wyoming in 1977. The only other state to enact limited liability legislation prior to 1986 was Florida. Bahls, *Supra,* at 45. In 1988, the Internal Revenue Service issued Revenue Ruling 88–76, 1988 WL 546801 which ruled that a Wyoming limited liability company would be classified as a partnership for tax purposes. Rev. Rul. 88–76, 1988–2 C.B. 360. Within eight years, every state and the District of Columbia enacted its own limited liability company statute. Sally S. Neely, *Partnerships and Partners and Limited Liability Companies and Members in Bankruptcy: Proposals for Reform,* 71 Am. Bankr.L.J. 271, 281–82 (1997).

█ The Eighth Circuit Court of Appeals has not dealt with the issue of a limited liability company's citizenship for purposes of diversity jurisdiction. However, the vast majority of federal courts considering the matter have ruled in favor of treating limited liability companies more like unincorporated partnerships than corporate entities and have held that a limited liability company is a citizen of the state or states of which its members are citizens. *See Handelsman v. Bedford Village Assocs. Ltd. Partnership,* 213 F.3d 48, 51–52

(2d Cir.2000); *Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir.1998); *Hale v. MasterSoft Int'l Pty. Ltd.,* 93 F.Supp.2d 1108, 1112 (D.Colo.2000); *Keith v. Black Diamond Advisors, Inc.,* 48 F.Supp.2d 326, 329–30 (S.D.N.Y.1999); *JMTR Enters., L.L.C. v. Duchin,* 42 F.Supp.2d 87, 93–94 (D.Mass.1999); *International Flavors and Textures, L.L.C. v. Gardner,* 966 F.Supp. 552, 554 (W.D.Mich.1997); *see also Ferrara Bakery & Café, Inc. v. Colavita Pasta & Olive Oil Corp.,* No. 98 Civ. 4344(LAP), 1999 WL 135234, *2 (S.D.N.Y. Mar.12, 1999) (holding that a limited liability company is a citizen of every state of which any of its members is a citizen). The majority view is in keeping with the Supreme Court's long held position that an unincorporated entity is a citizen of each state where its individual members hold citizenship. *Carden v. Arkoma Assocs.,* 494 U.S. 185, 195–96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). In *Carden,* the court directed that "diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members.'" *Id.* at 195, 110 S.Ct. 1015 (Quoting *Chapman v. Barney,* 129 U.S. 677, 682, 9 S.Ct. 426, 32 L.Ed. 800 (1889)). The Supreme Court noted that it has resisted the temptation of expanding corporation's special diversity qualifications to other statutorily created entities. *Id.* at 189, 110 S.Ct. 1015. This court can find no reason to extend Congress' special rules of diversity jurisdiction for corporations to limited liability companies, and therefore agrees with the majority view and concludes that a limited liability company is a citizen, for purposes of diversity, of each state where its members are citizens.

Here, the record reveals that plaintiff VBGN is a limited liability company having its principal place of business in Orange City, Iowa, and has two members: Dusan Ninkov and R & J Van Beek, L.L.C. R & J Van Beek, L.L.C. is a limited

liability company with two members: Ronald Van Beek and Janet Van Beek. In line with the authorities cited above, VBGN is a citizen of every state where Ninkov and R & J Van Beek, L.L.C. are citizens. Ninkov is a resident of the state of California. Since Ninkov is a California citizen, then VBGN is also, for purposes of diversity, a citizen of California.

Thus, Ninkov and VBGN, two parties in this case, share California as their state of citizenship. Because plaintiff VBGN is a citizen of California and defendant Ninkov is a citizen of California, pursuant to 28 U.S.C. 1332, there is no complete diversity. Thus, the court concludes that this court does not have original jurisdiction over the present case, and therefore must remand the action to state court. Defendant Ninkov's Motion To Remand is granted and the Iowa Case is remanded to the Iowa District Court for Sioux County.

### B. The Federal Case

#### 1. The Local Action Rule

The Ninkovs assert that the Federal Case should be dismissed or transferred pursuant to the local action rule.[1] At common law, there was a distinction between so-called "local actions" and "transitory actions." 15 CHARLES ALAN WRIGHT ET AL. FEDERAL PRACTICE AND PROCEDURE § 3822 (2d ed.1986). Under this concept imported from common law, "local actions can only be brought where the property involved in the action is located." *Id.; see Bigio v. Coca–Cola Co.*, 239 F.3d 440, 449–50 (2nd

Cir.2000) ("Under the local action doctrine, courts may not exercise jurisdiction over any 'local' action involving real property unless the property at issue is found within the territorial boundaries of the state where the court is sitting."); *Hayes v. Gulf Oil Corp.*, 821 F.2d 285, 287 (5th Cir.1987) ("A local action involving real property can only be brought within the territorial boundaries of the state where the land is located.").

The local action doctrine's American roots trace back to *Livingston v. Jefferson*, 15 F. Cas. 660 (C.C.D.Va.1811). In *Livingston*, a Louisiana landowner sued former president Thomas Jefferson in a federal court in Virginia for an alleged trespass to his land. Chief Justice John Marshall, sitting as a circuit judge, dismissed the action. Emphasizing that "actions are deemed transitory, where transactions on which they are founded, might have taken place anywhere ... but are local where their cause is in its nature necessarily local," Justice Marshall determined that an action for trespass to land in Louisiana was local and could not be heard in a Virginia court. *Id.* at 664.

A central tenant of the local action rule is to prevent courts unfamiliar with local property rights and laws from interfering with title to local real property. As the court explained in *Livingston:*

> the title and bounds of land may come in question: and who so proper to decide

---

1. Whether the local action rule pertains to the venue or jurisdiction of a court is an unsettled question. One commentator has noted:

> Venue concerns the appropriate district court in which an action may be filed. Venue statutes generally are concerned with convenience. They seek to channel lawsuits to an appropriately convenient court, given the matters raised and the parties involved in an action. Thus venue principles must be contrasted with personal jurisdiction principles and subject matter

jurisdiction principles ... venue rules do not implicate the court's power either to bind the litigants before it, as personal jurisdiction rules do; or to decide a particular type of case, as subject matter jurisdiction rules do. Thus, no constitutional rights are implicated by the venue statutes, and accordingly, any rights conferred by the federal venue statutes are waivable.

17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 110.01 (3d ed.2002).

on them as one's neighbors, who are much better acquainted with each other's lines, and everything else which may lead to a fair decision? In any action of this kind [trespass q.c.f.], it may be necessary to direct a survey and lay down the pretensions of both parties; for, the defendant has a right to show in himself, a better title, and defend himself on that title.

*Livingston,* 15 F. Cas. at 662. Subsequently, the Supreme Court observed over a century ago:

The distinction between local and transitory actions is as old as actions themselves, and no one has ever supposed that laws which prescribed generally where one should be sued, included such suits as were local in their character, either by statute or the common law, unless it was expressly so declared. Local actions are in the nature of suits *in rem,* and are to be prosecuted where the thing on which they are founded is situated.

*Casey v. Adams,* 102 U.S. 66, 67–68, 26 L.Ed. 52 (1880).

One commentator has noted that when real property is involved in an action:

[t]he traditional distinction [between local and transitory actions] is the same as the traditional division between in personam and in rem jurisdiction. The reason for this parallel is that, in order to provide *in rem* relief, the court must have jurisdiction over the real property at issue, and a local action must therefore be brought in a jurisdiction in which the real property is located.

17 James Wm. Moore et al., Moore's Federal Practice, § 110.20 (3d ed.2002).

Although many actions involve, and thus affect, real estate, it is well settled that not all such actions are local. However, "attempts to define the distinction between local and transitory actions have been notoriously unsuccessful." 15 Charles Alan

Wright et al., *supra,* § 3822. According to one commentator, the distinction between local and transitory actions is that:

If the plaintiff seeks a remedy that requires the court to have jurisdiction over real property to afford the relief sought, the action is *in rem* and local. The action is transitory, even though it may affect land, if the type of relief requested is personal in nature so that the court acts on the defendant's person or personal property, which is within its control, and not directly on the lands involved.

17 Moore et al., *supra,* § 110.20[2].

■ The Eighth Circuit Court of Appeals has held that the resolution of the question whether an action is local or transitory depends on the relief sought. *McAdoo v. Union Nat'l Bank of Little Rock,* 558 F.2d 1313, 1317 (8th Cir.1977); *see also Raphael J. Musicus, Inc., v. Safeway Stores, Inc.,* 743 F.2d 503, 506 (7th Cir. 1984). The "determinative element" for a transitory action is whether the relief requested is "personal" in nature, so that the court can act on the person or personal property of the defendant, in the court's control, rather than on the lands involved. *Raphael J. Musicus, Inc.* 743 F.2d at 508. The Seventh Circuit Court of Appeals has held that actions in tort or contract (including actions for specific performance of contracts concerning real property) are transitory actions. *Id.* at 507.

■ In diversity suits, some courts have applied the law of the forum state to the transitory/local question, while others have considered the question one of federal procedure and applied federal law. *See* 15 Charles Alan Wright et al., *supra,* § 3822 (citing cases); *see also Trust Co. Bank v. United States Gypsum Co.,* 950 F.2d 1144, 1149–50 (5th Cir.1992). The court concludes that the better approach, adopted by Justice Marshall in *Livingston v. Jef-*

*ferson* is to apply federal law. Because the court finds that the local action doctrine is a venue matter, it is clearly a procedural rule governed by federal law. *See Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 32, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (finding question of venue is procedural and must be decided under federal law); *Kavouras v. Fernandez,* 737 F.Supp. 477, 478 (N.D.Ill.1989) (concluding that "the characterization of an action as local or transitory is a matter of federal rather than state law."). Accordingly, the court will apply federal law to ascertain whether the Van Beeks' claims are local or transitory.

### 2. *Determination If Claims Here Are Local Or Transitory*

Here, in the Federal Case, the Van Beeks seek declaratory relief that the transfer of the San Diego, California property to the Ninkovs is null and void, injunctive relief requiring the Ninkovs to transfer title back to the Van Beeks, and compensatory damages. The Van Beeks argue that the local action doctrine does not apply because they seek in personam, rather than in rem, relief. Black's Law Dictionary defines an "action in rem" as:

a proceeding that takes no cognizance of owner but determines right in specific property against all of the world, equally binding on everyone. It is true that, in a strict sense, a proceeding in rem is one taken directly against property, and has for its object the disposition of property, without reference to the title of individual claimants; but, in a larger and more general sense, the terms are applied *to actions between parties, where the direct object is to reach and dispose of property owned by them, or of some interest therein.*

BLACK'S LAW DICTIONARY 713 (5th ed.1979) (emphasis added).

Despite their rhetorical arguments, the Van Beeks are requesting that this court, in Counts II, III and IV, order that their transfer of California property to the Ninkovs was null and void, and order the Ninkovs to transfer title back to the Van Beeks. Contrary to the Van Beeks' assertions, the focus of this action is the parties' rights with respect to the real property in California. The *in rem* nature of such action is undeniable, and cannot be shielded under the cloak of personal jurisdiction; for if the court were to grant the relief requested in Counts II, III and IV, the court would be required to directly order the conveyance and termination of the Ninkovs' interest in California property. The local action doctrine precludes this court from taking such measures in order to provide relief. In *Kavouras,* 737 F.Supp. at 478, the plaintiff filed a "self-prepared 'Complaint for Foreclosure and Fraudulent Conveyance'" against five defendants, seeking the return of mortgaged property located in Rusk County, Wisconsin. *Id.* at 477–78. The court dismissed the action for lack of subject matter jurisdiction, noting that "it has long been understood that mortgage foreclosure actions are classic examples of what have historically been characterized as 'local' as contrasted with 'transitory' actions [ ]—and federal jurisdiction over local actions involving real property exists only within the territorial boundaries of the state where the land is located." *Id.* at 478; see *Hayes v. Gulf Oil Corp.,* 821 F.2d 285, 290 (5th Cir.1987) (holding that local actions are those in which title to land is to be adjudicated).

■ The Van Beeks cite the Seventh Circuit Court of Appeals's decision in *Raphael J. Musicus, Inc. v. Safeway Stores, Inc.,* 743 F.2d 503 (7th Cir.1984), in support of their position. In *Raphael J. Musicus, Inc.,* the plaintiff sued the defendant

in the United States District Court For The Northern District of Illinois over the alleged breach of lease agreements involving property in Nebraska and Montana. *Id.* at 505. Characterizing the lawsuit as one concerning "allegations of breach of contract, fraud and trespass," the Seventh Circuit Court of Appeals found the local action doctrine inapplicable, and held that the Northern District of Illinois could exercise proper venue. *Id.* at 505–06. In arriving at this conclusion, the court noted that:

> Proper venue is determined by the characterization of the action as either local or transitory—a determination which, in turn, depends on the type of relief sought ... The traditional and well-established distinction [ ] is the same as that between in personam and in rem jurisdiction. The reason for this parallel is simply that, in order to provide in rem relief, the court must have jurisdiction over the real property at issue, and a local action must therefore be brought in the jurisdiction in which that real property is located. On the other hand, to provide in personam relief, the court need only have personal jurisdiction over the defendant, and thus a transitory action may be brought in any jurisdiction in which the defendant can be found.

*Id.* at 506–07 (citations omitted). The court further noted, however, that when a "plaintiff seeks a personal judgment which will ultimately affect real property," such action may be considered in personam, and therefore transitory in nature, "so long as the action is based in fraud, trust or contract." *Id.* at 507. This principle applies "even to suits for specific performance of contracts where the subject of the contract is real property *except when the court's decree would itself operate as a conveyance of the property*." *Id.* (emphasis added). In Counts II, III, and IV of the Amended Complaint, the Van Beeks desire

a court order requiring the Ninkovs to return title in the real estate in California. The court concludes that the *Kavouras* decision, rather than the decision in *Raphael J. Musicus, Inc.*, is more in keeping with the policy reasons underlying the local action doctrine. Thus, the court concludes that, under the local action doctrine, this action which seeks the return of real property located in California could not have been brought in the Northern District of Iowa. Accordingly, defendants' Motion To Dismiss The First Amended Complaint is granted.

### III. CONCLUSION

The court initially concludes that a limited liability company is a citizen of every state of which any of its members is a citizen. Because plaintiff VBGN is a citizen of California and defendant Ninkov is a citizen of California, pursuant to 28 U.S.C. § 1332, there is no complete diversity. Thus, the court concludes that this court does not have original jurisdiction over Case No. C03–4017–MWB, and therefore must remand the action to state court. Defendant Ninkov's Motion To Remand is **granted** and Case No. C03–4017–MWB is remanded to the Iowa District Court for Sioux County. Defendant Ninkov's Pre–Answer Motion To Dismiss, Stay Or Transfer is therefore **denied** as moot. The court further concludes that, under the local action doctrine, Case No. C03–4014–MWB could not have been brought in the Northern District of Iowa. Accordingly, defendants' Motion To Dismiss The First Amended Complaint is **granted** and Case No. C03–4014–MWB is dismissed without prejudice. Defendants' Pre–Answer Motion To Dismiss, Stay Or Transfer is **denied** as moot.

**IT IS SO ORDERED.**